■ In the Matter of VICTORY MARKETS, INC., Respondent. v. EMERY C. HERMAN, JR., et al., Constituting the Board of Trustees of the Village of Cooperstown, Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered May 11, 1971 in Otsego County, in a proceeding under CPLR article 78, which annulled and set aside a determination of the Board of Trustees of the Village of Cooperstown, and ordered the issuance of a special permit for the erection of a gasoline service station. On September 22, 1970, petitioner submitted an application to the Board of Trustees of the Village of Cooperstown for a special permit for a gasoline service station on the easterly side of New York State Route 28 at the southerly extremity of the village. The proposed site was 370 feet southerly from the intersection of Route 28 and Walnut Street. A public hearing was held on November 9, 1970 and, by letter dated November 10, 1970, the board informed petitioner that its request for a special permit was denied by reason of the fact that the board was concerned over the traffic hazard this unit might create in an area already overcrowded, and that the lot in question was not sufficiently deep to allow satisfactory ingress and egress to potential customers. On January 25, 1971, petitioner commenced this proceeding under CPLR article 78 alleging that the board's determination was arbitrary, unreasonable, unlawful and constituted an abuse of the powers of the board. Appellants denied the application because the proposed site straddled the point where the speed limit changed from 55 miles per hour to 30 miles per hour, and because the intersection of Route 28 and Walnut Street was used extensively by an oil distribution company, the County Highway Department, and the buses of an elementary school and high school. No issue was raised as to compliance with the express standards contained in the ordinance for the issuance of special permits for gasoline service stations. Where the power to grant or deny a special use permit is reserved to the legislative body enacting the ordinance in granting or denying such permits, its determinations are reviewable in a proceeding under CPLR article 78 as to reasonableness. (*Matter of Lemir Realty Co.* v. *Larkin,* 11 N Y 2d 20.) The ordinance provides that "It is the intention of this ordinance to allow certain uses in specified districts * * * only when standards established herein are met and when in the judgment of the Board of Trustees these uses will not be detrimental to the safety, general health, welfare". "Where such legislative body has not precluded itself from considering factors not expressly set forth in the ordinance, the question of whether it should issue a permit is left to its untrammeled discretion, so long as it is not exercised capriciously". (*Matter of 4M Club* v. *Andrews,* 11 A D 2d 720.) The Board of Trustees was required to make specific findings which are subject to review. While none were made, on the present record the board's determination rested upon a rational basis and, under the circumstances, this court may not substitute its judgment for that of the board. (Cf. *Matter of Kropf* v. *Brooks,* 17 A D 2d 829, 830; *Matter of Meehan* v. *Lehmann,* 32 A D 2d 823, 824.) Under all the circumstances, the board's denial of the application was neither arbitrary nor capricious. Judgment reversed, on the law and the facts, the determination of the Board of Trustees confirmed, and petition dismissed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.