■ In the Matter of HENRY M. HUBSHMAN, JR., Appellant, v. CONRAD C. HENNE et al., Constituting the Zoning Board of Appeals of the Village of Mamaroneck, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul so much of a determination of the respondent Zoning Board of Appeals, dated September 2, 1971, as, in granting petitioner's application for a variance for the construction of a tennis court and fence, imposed certain conditions thereon, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated May 2, 1972, which dismissed the petition. Judgment reversed, on the law, without costs; petition granted to the extent of annulling conditions numbered 2, 6, 7 and 8 and so much of condition numbered 5 as requires that the screening growth along petitioner's entire west boundary line be evergreen; and petition otherwise denied. Wishing to construct a tennis court and fence upon a parcel of residential property improved with a one-family home, petitioner applied to the respondent Zoning Board of Appeals for a variance of the side yard setback and the fence height requirements. The application was granted upon eight specified conditions. In our opinion, condition 2 is arbitrary and unreasonable in requiring a green vinyl covered chain link fence, vinyl covered posts and steel supporting posts. Petitioner may instead retain the fencing presently employed. Condition 5 is

also arbitrary and unreasonable insofar as it requires that the screening growth along petitioner's west boundary line be an evergreen growth. We agree that the screening should extend along the entire boundary so as to protect the quiet enjoyment of the neighbor's rear property, too; but the trees and shrubs already in place along the length of the fence may remain, with additional and similar shrubbery used to screen the rest of the boundary line. Furthermore, conditions 6 and 7, which prohibit any lighting to illuminate the court and also prohibit tournaments or play before or after certain hours, appear, in our view, to impermissibly regulate the details of a permitted use and are, in any event, unreasonable under the facts at bar. Finally, condition 8, which would render the permit subject to revocation upon noncompliance with any of the conditions imposed, is either superfluous, if the ordinance already gives the village building inspector power of revocation, or an unwarranted extension of the power of the Zoning Board of Appeals, if the ordinance does not give such power to the building inspector. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.