■ ELMIRA SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, Also Known as the ELMIRA HUMANE SOCIETY, Respondent, v TOWN BOARD OF THE

Town of Big Flats et al., Appellants.—Cross-appeals from a judgment of the Supreme Court at Special Term, entered October 5, 1976 in Chemung County, which granted in part and denied in part petitioner's application in a proceeding pursuant to CPLR article 78. The petitioner seeks to locate its animal shelter including an animal crematorium (incinerator) in an area of the Town of Big Flats zoned for manufacturing. The Town of Big Flats insisted that a special permit would be needed for the proposed use and a hearing has been held with the permit being denied. Upon this record such a permit would be required only if the use is "offal or dead animal reduction or dumping * * * Any trade, industry or use that is so noxious or offensive by reason of emission of odor, dust, smoke fumes, noise or vibration as to be dangerous to public health and safety." It is undisputed that the general use of the petitioner's premises as an animal shelter is a permitted use in the manufacturing zone. The projected use of an incinerator was an incidental aspect of the handling of animals as there is no evidence in the record that the business of the petitioner involved the processes of "offal or dead animal reduction or dumping". The town board did not render any formal decision or make any findings of fact; however, upon this appeal the parties have handed up a transcript of the public hearing, including the decision and vote of the board members and, therefore, a remittal for the purpose of rendering a formal decision will not be necessary. At the outset of the public hearing it was noted by the attorney for the board that the "issue is of a special permit by the Town Board related strictly to the incinerator operation of the SPCA". The record reveals that all of the appropriate health and/or environmental agencies having jurisdiction over the petitioner's operation had approved the proposed facility with whatever reservations might be necessary to ensure proper operation after installation. All of the expert evidence at the hearing tended to establish that the incinerator and the shelter operation would not result in any obnoxious odors or smoke fumes which could be of danger to the inhabitants of the town. However, some of the board members and members of the general public did engage in rank speculation as to possible noises and odors, which matters were not in any way supported by evidence or knowledgeable opinion. The board members expressed their reasons and none of said reasons had any rational connection with the location of the animal shelter and incinerator in an area zoned for manufacturing. To the extent that reasons were expressed for the denial, such reasons were not within those provisions of the ordinance whereupon a special permit would be required and/or were not supported by any probative evidence. Accordingly, assuming that a special permit is required, the board denial would be arbitrary and capricious (see *Matter of Pleasant Val. Home Constr. v Wagner,* 41 NY2d 1028). Unlike the case of *Matter of Victory Markets v Herman* (38 AD2d 625), the ordinance herein being considered requires that the board first establish a specific danger to health and safety in order to invoke the requirement of a special permit. This record is devoid of any evidence which would establish that a special permit is required. The petitioner's contention that it is entitled to recover money damages based on a violation of its civil rights is without any merit. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.