In the Matter of PLUTO'S RETREAT, INC., Appellant, v ARMAND A. GRANITO et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review three determinations of the Board of Zoning Appeals of the Town of Hempstead, which, after a hearing, *inter alia,* denied petitioner's application for a special use permit, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated May 22, 1980, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements,

petition granted to the extent that the determinations are annulled, the application for a special use permit is granted and the matter is remanded to the respondents for further proceedings consistent herewith. Petitioner, contract vendee of certain property, made three applications with respect to the use thereof. It sought: (1) permission to use that portion of the property located in the business zone as an animal care facility; (2) a waiver of off-street parking and for permission to park in the front setback area; and (3) permission to park in the Residence B zone. As to petitioner's application to use that portion of the property located in the business zone as an animal care facility, such proposed use would include, *inter alia,* the boarding of cats and dogs, grooming and the retail sale of boutique items. It should be noted that the property immediately adjoining that of petitioner to the rear is entirely residential. It should be emphasized that a special use permit may be granted only upon the prior approval of the board of appeals (see Town of Hempstead Building Zone Ordinance, art 7 [§§ X-1.0, X-1.4] and art 12 [§ Z-5.0, subd c, par 15]). Such approval, moreover, is subject to a determination by the board of appeals: "1. That the use will not prevent the orderly and reasonable use of adjacent properties or of properties in adjacent use districts; 2. that the use will not prevent the orderly and reasonable use of permitted or legally established uses in the district wherein the proposed use is to be located or of permitted or legally established uses in adjacent use districts; 3. that the safety, the health, the welfare, the comfort, the convenience or the order of the town will not be adversely affected by the proposed use and its location; and 4. that the use will be in harmony with and promote the general purposes and intent of this ordinance." (Town of Hempstead Building Zone Ordinance, art 12 [§ Z-1.0, subd B, par (a)]; *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801.) In the instant matter, after a hearing, the board of appeals, in denying petitioner's application for a special use permit, determined that the standards set forth in the ordinance had not been met. Such determination was based upon a finding that the location of petitioner's property was neither suitable nor appropriate for use as an animal care facility. In reaching that conclusion, it specifically found that the proposed use would create disturbing noise and odors, sewage overflow and a health hazard, and a condition where dogs arriving at petitioner's premises would relieve themselves on the street. To sustain such findings, it is, of course, necessary that there be a rational basis and substantial evidence in the record (see *Matter of Ferman v Board of Appeals, Inc. Vil. of Sea Cliff,* 69 AD2d 882). An examination of the record, however, fails to reveal any support for the findings of the board of appeals. The board of appeals ignored the evidence that petitioner's building would be constructed so as to eliminate the emanation of any noise or odors. Rather, it apparently relied upon the results of inspections of other animal care facilities and conditions prevailing as to a restaurant near petitioner's property. We deem such reliance to have been improper. In order to assess the effectiveness of the proposed construction of petitioner's building in eliminating the emanation of any noise or odor, there is no doubt that comparison to similar facilities may prove beneficial. However, where, as here, no evidentiary foundation is established to show that such other facilities are comparable in design and construction, comparisons drawn and inferences raised will be of little or no weight. We also find that the board erroneously determined that there would be sewage overflow and that dogs arriving at petitioner's premises would relieve themselves in the street. Such findings cannot rationally be made in the absence of any proof as to the same. Mere speculation and conjecture are not

enough. Accordingly, the board of appeals erred when it determined that the ordinance standards had not been met; the special use permit should have been granted. We remand the matter to the board of appeals for two reasons. First, the board of appeals, upon issuance of the special use permit, may impose upon petitioner any reasonable conditions which are in conformity with the purpose and standards of the ordinance (see *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead, supra; Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238; *Matter of Hubshman v Henne,* 42 AD2d 732; 2 Anderson, NY Zoning Law and Practice [2d ed], § 18.55, p 74). Second, there was insufficient proof submitted at the hearing with respect to petitioner's applications as to parking. Moreover, the board of appeals appears to have denied the application as to parking as academic in view of its denial of petitioner's application for a special use permit. That basis cannot now be sustained. Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.