■ In the Matter of KIDD-KOTT CONSTRUCTION CO., INC., Petitioner, v JOAN F. LILLIS et al., Constituting the Town Board of the Town of West Seneca, Respondents.

Petitioner applied to the Town Board for a special permit allowing use of its property for a self-service car wash. The permit was denied after a public hearing.

The testimony of area residents regarding the effect of increased traffic upon property values is not sufficient to support the denial of the permit *(see, Matter of Frangella Mushroom Farms v Zoning Bd. of Appeals,* 87 AD2d 962, *affd* 57 NY2d 811; *Matter of New York Tennis Assoc. v Town of Vestal,* 97 AD2d 899). There is no evidence before the Town Board that the proposed use would increase traffic or affect property values to any greater extent than a use permitted within the district as a matter of right *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894; *Matter of Hobbs v Albanese,* 70 AD2d 1049, 1050).

The Board's findings that the proposed use would constitute a "possible safety hazard" and "could substantially affect property values" are conclusory in form and based on no more than speculation and conjecture and cannot serve as a basis for denial of a permit *(see, Matter of Ennis v Crowley,* 12 AD2d 999, 1000; *Matter of Pluto's Retreat v Granito,* 80 AD2d 899, 900-901).

Also, there is no evidence to support the determination that the proposed use is not a reasonable buffer to private residences. That conclusion is contrary to the findings of the Planning Board as well as to the settled rule that the inclusion of a use in the ordinance is a per se finding that it is in harmony with the neighborhood *(Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243).

Though we annul the Board's determination and direct that a permit be issued, the matter is remitted to the Board to consider whether any reasonable conditions consistent with the ordinance should be imposed upon issuance of the permit *(Matter of Pluto's Retreat v Granito, supra.)* (Article 78 proceeding transferred by order of Supreme Court, Erie County, Ostrowski, J.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.