SECOND DEPARTMENT, AUGUST, 1989

(August 7, 1989)

■ C.K. OLIVERS, INC., Appellant, v INCORPORATED VILLAGE OF WILLISTON PARK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a resolution of the Board of Trustees of the Incorporated Village of Williston Park, in which judgment was entered on July 8, 1987, directing the Board to grant the petitioner's application for a special exception permit subject to "such reasonable conditions as are deemed necessary", the petitioner appeals from so much of a supplemental order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), dated December 18, 1987, as denied in part its motion to vacate or modify certain of the conditions imposed.

Ordered that the supplemental order and judgment is modified, on consent of the respondent, by deleting the provision thereof which modified condition number three and substituting therefor a provision vacating that condition in its entirety; as so modified, the supplemental order and judgment is affirmed insofar as appealed from, with costs to the respondent.

Pursuant to the Village of Williston Park Code § 30.23 (A) (2), the petitioner may use its property as a restaurant only if "authorized as a special exception by the Board of Trustees after a public hearing". Thus, the discretion to issue special permits has been reserved by the local legislative body, rather than delegated to an administrative agency, and "[t]he only limitation upon the exercise of this discretion is that it must not be arbitrary or capricious" *(Matter of Buitenkant v Robohm,* 122 AD2d 791; *see also, Cummings v Town Bd.,* 62 NY2d 833, 834-835; *Matter of Victory Mkts. v Herman,* 38 AD2d 625; *Matter of Shell Oil Co. v Farrington,* 19 AD2d 555; 2 Anderson, New York Zoning Law and Practice § 24.13).

In the present case, the Board originally denied the petitioner's application for a special permit. That determination was annulled by the Supreme Court in a judgment entered July 8, 1987, which directed the Board to issue a special permit "subject only to such reasonable conditions as are deemed necessary".

Pursuant to the judgment entered July 8, 1987, the Board granted the petitioner's application subject to 11 stated conditions. On a motion by the petitioner, the Supreme Court, in the supplemental order and judgment appealed from, granted the motion to the extent of (1) vacating the eighth condition in its entirety, and (2) modifying the third, sixth and seventh conditions. Only the petitioner has appealed.

On appeal, the respondent consents to a vacatur of the third condition in its entirety *(see, Matter of Schlosser v Michaelis,* 18 AD2d 940). We therefore grant the petitioner this relief on consent.

The petitioner argues that the Board acted arbitrarily in imposing the seventh condition, which limits the seating capacity in the restaurant to 36 persons, "plus an additional 5 or 6 seats at the bar". The Supreme Court modified this condition by allowing for a seating capacity of 50 persons. We find that this condition is a rational one, since the petitioner's representative testified at a hearing before the respondent that it was anticipated that the restaurant would contain 12 tables, alternatively seating 2 or 4 persons. The petitioner's argument that the condition relating to seating capacity should be vacated in its entirety is clearly meritless.

We have examined the remainder of the conditions in issue, including those modified by the Supreme Court, and find that they are all related to factors " 'incidental to [the] comfort, peace, enjoyment, health or safety of the surrounding area' " *(Matter of St. Onge v Donovan,* 71 NY2d 507, 516, quoting from *Matter of Pearson v Shoemaker,* 25 Misc 2d 591, 592). Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.