■ In the Matter of ANTHONY PILATO, Doing Business as QUAKER FARMS, Petitioner, v ZONING BOARD OF APPEALS OF THE TOWN OF MENDON, Respondent. (Appeal No. 1.)—Determination unanimously annulled on the law without costs, petition granted and matter remitted to respondent for further proceedings, in accordance with the following memorandum:

The determination of the Board denying petitioner's application for a special use permit is annulled and respondent is directed to issue the permit.

Petitioner demonstrated compliance with the conditions of the zoning ordinance by the submission of a detailed plan and design of the proposed kennel. Petitioner provided expert testimony that tended to demonstrate that neighboring property values would not diminish and noise levels at the proposed facility would not be excessive. Petitioner testified that all the odors would be contained in the interior of the facility and that traffic would be limited because the dogs would arrive at the facility only by appointment.

Although there was strong community opposition to the project, the Board's findings that the proposed use would be detrimental to the neighborhood because of the noise, odors, traffic, lack of proper care for the animals and diminution in property values were not supported by substantial evidence *(see, Elmira Socy. for Prevention of Cruelty to Animals v Town Bd.,* 58 AD2d 691). The Board's finding that "there will be significant noise from barking dogs" upon receiving and discharging dogs from the kennel and while the dogs are being groomed that will have a deleterious effect upon the surrounding neighborhood are conclusory in form, predicated on speculation and conjecture and provide no basis for denial of a permit *(see, Matter of Pluto's Retreat v Granito,* 80 AD2d 899, 900-901). Nor does the record support contentions that the proposed use would cause traffic congestion *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894). Community pressure is an insufficient ground upon which to base the denial of a permit *(see, Matter of Lee Realty Co. v Village of Spring Val., supra; Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028; *Matter of Gernatt Gravel Prods. v Town of Collins,* 105 AD2d 1057, 1059). Moreover, it is improper to disregard expert testimony proffered by the applicant in favor of generalized community objections *(see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 66 NY2d 893, 895). In addition, the circumstance that the Board previously issued a special use permit for a dog kennel located on Quaker Meeting House Road in 1975 is indicative of the fact that the use is in harmony with the general zoning plan and will not adversely affect the neighborhood *(see, Matter of Scott v Zoning Bd. of Appeals,* 88 AD2d 767). Also, the rule is well settled "that the inclusion of a use in the ordinance is a per se finding that it is in harmony with the neighborhood" *(Matter of Kidd-Kott*

*Constr. Co., v Lillis,* 124 AD2d 996, 997; *see also, Neddermeyer v Town of Ontario Planning Bd.,* 155 AD2d 908 [decided herewith]; *Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243).

Although we annul the respondent's determination and direct that a permit be issued, we remit the matter to the Board to consider whether any reasonable conditions that are in conformity with the purpose of the ordinance should be imposed upon issuance of the conditional use permit *(see, Matter of Kidd-Kott Constr. Co. v Lillis, supra).* (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Wesley, J.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.