■ PETER NEDDERMEYER et al., Respondents, v TOWN OF ONTARIO PLANNING BOARD, Appellant.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent for further proceedings, in accordance with the following memorandum: We agree with Supreme Court that the determination of the Town of Ontario Planning Board, in denying petitioners' application

for a special permit to use their residence as a church, was arbitrary and capricious. The inclusion of churches among uses permitted in the zoning district is tantamount to a legislative determination that the use is in harmony with the general zoning plan and will not be detrimental to the surrounding area *(Taylor v Foley,* 122 AD2d 205, 207). It is presumed that a religious use will have a beneficial effect in a residential area. That presumption, however, may be rebutted with evidence of a significant impact "on traffic congestion, property values, municipal services" and the like *(Cornell Univ. v Bagnardi,* 68 NY2d 583, 595). Here, the Board's denial of the special use permit was based on its conclusory findings and not upon substantial evidence of significant adverse effects.

Supreme Court exceeded its authority, however, in establishing the conditions for the issuance of the permit. The Zoning Ordinance of the Town of Ontario grants that authority to the Planning Board, and the proper procedure is to remit the matter to the Planning Board for the imposition of pertinent conditions *(see, Matter of Viscio v Town of Guilderland Planning Bd.,* 138 AD2d 795, 798). Thus, we remit the matter to the Planning Board and direct it to issue the permit upon such reasonable conditions as will allow petitioners to establish their church, while mitigating any detrimental or adverse effects on the surrounding community *(see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 246; *Matter of Pilato v Zoning Bd. of Appeals,* 155 AD2d 864 [decided herewith]; *Matter of Old County Burgers Co. v Town Bd.,* 127 AD2d 772). Appeal from judgment of Supreme Court, Wayne County, Siracuse, J.—art 78.) Present—Dillon, P. J., Callahan, Boomer, Lawton and Davis, JJ.