In the Matter of PINE HILL CONCRETE MIX CORPORATION, Appellant, v TOWN OF NEWSTEAD ZONING BOARD OF

APPEALS, Respondent. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs, petition granted and matter remitted to respondent for further proceedings, in accordance with the following memorandum: On this record, respondent's denial of petitioner's application for a gravel pit permit was arbitrary and capricious *(see, Matter of Pell v Board of Educ. 34 NY2d 222, 231)*. The proposed gravel pit operation is a permitted use contemplated by the Town of Newstead ordinance, subject only to "conditions" attached to its use to minimize its impact on the surrounding area *(see, Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238, 244)*. The rule is well established that "the inclusion of a use in the ordinance is a per se finding that it is in harmony with the neighborhood" *(Matter of Kidd-Kott Constr. Co. v Lillis, 124 AD2d 996, 997)*.

Respondent's findings that the proposed use would have a detrimental effect on area traffic, would increase noise levels, cause dust pollution and would have an "adverse effect on water quality or quantity" are conclusory and "based on no more than speculation and conjecture and cannot serve as a basis for denial of a permit" *(Matter of Kidd-Kott Constr. Co. v Lillis, supra, at 997; see also, Elmira Socy. for Prevention of Cruelty to Animals v Town Bd., 58 AD2d 691, 692; Matter of Golisano v Town Bd., 31 AD2d 85, 87)*. Moreover, generalized community opposition and objection to the proposed use is an insufficient ground upon which to base the denial of a permit *(see, Matter of Pilato v Zoning Bd. of Appeals, 155 AD2d 864; see also, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892)*.

Although we reverse the judgment and direct that a permit be issued, we remit the matter to respondent to consider whether any reasonable conditions that are in conformity with the purpose of the ordinance should be imposed upon its issuance *(see, Matter of Pilato v Zoning Bd. of Appeals, supra; Matter of Kidd-Kott Constr. Co. v Lillis, supra)*. (Appeal from judgment of Supreme Court, Erie County, Forma, J.—art 78.) Present—Dillon, P. J., Doerr, Boomer, Davis and Lowery, JJ.