■ In the Matter of GLORIA BRANDMAN, Individually and as Treasurer of Park Slope Action for the Environment, et al., Petitioners, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Respondent, and NEW YORK METHODIST HOSPITAL, Formerly Known as METHODIST HOSPITAL OF BROOKLYN, Intervenor-Respondent. [623 NYS2d 246] —Determination of the respondent, New York City Board of Standards and Appeals, dated January 11, 1994, which issued a conditional negative declaration, as a result of which it granted the New York Methodist Hospital a zoning variance and special permits in connection with the proposed construction of a five story building, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edith Miller, J.], entered June 23, 1994), is dismissed, without costs and disbursements.

The present proceeding was improperly transferred to this Court, since the evidence submitted in connection with the zoning applications had not had the benefit of clarification at an evidentiary hearing *(Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 741). However, the record enables us to conclude whether the administrative action was arbitrary and capricious *(Matter of Kidd-Kott Constr. Co. v Lillis,* 124 AD2d 996; *Seaview Assn. v Department of Envtl. Conservation,* 123 AD2d 619). We note that the parties did not object to the transfer, and so must be deemed to accept the record evidence in its present state. The administrative agency noted all relevant areas of environmental concern, and it relied on studies, submitted with the environmental assessment, which were commissioned for the most relevant potential impacts, traffic and air quality. We find no basis to reject the methodology, data, or conclusions of those studies, which indicated the lack of significant environmental impacts, and consequently we find no basis to conclude that the agency acted arbitrarily and capriciously in not directing the applicant to prepare an environmental impact statement. Nor have petitioners submit-

ted record evidence indicating that the agency's environmental review otherwise was deficient.

For similar reasons, we find no basis to disturb the resolution to the extent that it granted special permits upon the applicant's satisfaction of the criteria set forth in section 72-21 of the New York City Zoning Resolution. Since the present applicant was not responsible for the original placement of the existing building in a corner of the site, leaving an L-shaped lot, it did not, to this extent, cause the hardship which warrants the special permit. Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Tom, JJ.