■ In the Matter of LENA WEIDENHAMER, Appellant, v. GABRIEL BUNDSCHUH et al., Constituting the Zoning Board of Appeals of the Town of Eastchester, Respondents.— In a proceeding pursuant to article 78 of the CPLR to review respondents' determination dated March 24, 1970, which granted a zoning variance, the appeal is from a judgment of the Supreme Court, Westchester County, dated December 2, 1970, which dismissed the proceeding. Judgment reversed, on the law, without costs, and matter remitted to the respondent Zoning Board of Appeals for further proceedings to correct the deficiencies hereinafter noted. After a hearing and personal inspection of the premises, the respondent Zoning Board of Appeals granted the application of the Humble Oil and Refining Company to demolish an existing gasoline station, a nonconforming use, and to erect in its stead a more modern and larger service station. Humble also sought and was granted a rear yard setback variance. The premises in question are in an "RB" (Retail Business) zoning district, in which a garage, service center, car care center and the like are prohibited uses. The present case is distinguishable from *Matter of Crossroads Recreation* v. *Broz* (2 A D 2d 862, affd. 4 N Y 2d 39) in that there the local board of appeals *denied* the application for a use variance, whereas here the application was *granted*. The issue is whether the action of the board is unjustifiable as a matter of law under the specific provisions of the zoning resolution relied on (see *Matter of Reed* v. *Board of Standards & Appeals of City of N. Y.*, 255 N. Y. 126, 136). Here the board had power to grant the relief sought (see Town Law, § 267). Therefore, this court may not, absent arbitrary action by the board, overrule its determination (see *Matter of Burlinson* v. *Zoning Board of Appeals of City of Yonkers*, 275 App. Div. 723, 724). We agree with the board that granting the variance sought would not alter the essential character of the neighborhood. Indeed, the change appears desirable. However, the record is bare of any evidence showing that the property (both the existing gas station and the store and tenement building) could not be put to a profitable use without a variance. This matter must be remitted to the board so that such proof of economic hardship, if available, may be placed on the record. It is true the board, which personally inspected the premises in question, may act upon its own knowledge of conditions, but when it does so it must set forth in its return the facts known to its members but not otherwise disclosed (see *People ex rel. Fordham Manor Reformed Church* v. *Walsh*, 244 N. Y. 280, 287). If this is not done and the record does not disclose a basis for the board's exercise of judgment, there are no facts upon which a reviewing court can determine whether the board's determination was arbitrary or not (cf. *Matter of Levy* v. *Board of Standards & Appeals of City of N. Y.*, 267 N. Y. 347, 351). In addition, the record presents confusion as to whether the County Planning Board received proper notice of the hearing as required by section 451 of the Westchester County Administrative Code (L. 1948, ch. 852, as amd.). Upon remission this point should be clarified. To that end we direct that prior to the hearing called for herein the Zoning Board serve notice upon the County Planning Board advising of the exact nature of the application. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.