■ In the Matter of FRANGELLA MUSHROOM FARMS, INC., Petitioner, v ZONING BOARD OF APPEALS OF THE TOWN OF COEYMANS, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Zoning Board of Appeals of the Town of Coeymans which denied petitioner's application for a special use permit. Petitioner owns a mushroom growing farm in the Town of Coeymans which normally employs

over 150, mostly migrant, laborers. In January, 1981, petitioner applied for a special use permit to construct an apartment building on its farm to replace the laborers' substandard housing. Respondent denied the application, and petitioner has commenced the instant review proceeding. Under the town zoning ordinance, apartment buildings are a permitted special use in the R-A (residential and agricultural) zoning district where petitioner's farm is located. Respondent, in denying petitioner's application for a special permit, made 17 specific findings. On the basis of the record, however, the findings are arbitrary and capricious, and, therefore, insufficient to sustain a denial (CPLR 7803, subd 3; see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238). Respondent found (Finding Nos. 3, 4, 13, 14, 16) that the proposed apartment building would not be in harmony with the orderly development of the district, that it would not enhance the appearance of the town, that it would discourage the appropriate development of adjacent land, and that it would impair the property values of the adjacent residential district. There is a lack of evidence in the record, however, to support these findings. The proposed apartment building would replace existing dilapidated farm housing on petitioner's property. It would be two stories high and would contain 12 units, each designed for four workers. The apartment is to be located in the fenced area of petitioner's farm, and within 60 feet of six mushroom growing houses, all much larger than the proposed apartment, and within 200 feet of petitioner's main office, a 200-foot metal frame building. The only nearby properties are a church, a two and one-half story building occupied by farmworkers, and two apparently unoccupied houses. The proposed apartment building, surrounded by the much larger mushroom growing houses and the 200-foot office building, would certainly be in harmony with the farm and the R-A district in which it would be located. Furthermore, it is inconceivable that the new building, replacing dilapidated shacks and trailers, would detrimentally affect adjacent land, the adjoining R-2 (single- and two-family residences) zoning district, or the general appearance of the town. The lack of evidence to support these findings is not salvaged by the fact that respondent's findings purport to be based in part on the personal knowledge of its members, since in this respect the board's decision contains only a bare conclusory statement without supporting facts to provide a basis for judicial review (*Matter of Community Synagogue v Bates,* 1 NY2d 445, 454; *Matter of Weidenhamer v Bundschuh,* 37 AD2d 720). Respondent further found safety and welfare problems (Finding Nos. 5, 6, 7, 15), in that there had been incidents of violence and noise associated with the farmworkers and that the town's police force might be inadequate. Where a proposed use will *create* a safety hazard, a board of appeals may properly refuse a special use permit (*Matter of Shell Cr. Sailing Club v Board of Zoning Appeals of Town of Hempstead,* 20 NY2d 841). However, any violence or noise here are existing conditions, independent of the proposed apartment construction, and since petitioner does not seek to add any more people or roads or access points to its farm, just better housing, it is incredible to claim that improved housing conditions for the existing group of 48 farmworkers will *create* an increase in crime and noise problems. Nor does the record support contentions that the apartment building would cause traffic congestion or that the proposed 12 parking spaces would be inadequate (Finding Nos. 8, 9, 10, 11). These findings are contrary to the evidence, which shows that the proposed housing is to replace existing housing on petitioner's farm, that the farm population will only be relocated, not increased, and that River Road will remain the only access road from petitioner's farm. Thus it is obvious that the traffic exiting from the farm will remain the same after construction of the apartment building as before. As far as parking capacity,

respondent merely states that it is in apparent conformity with the zoning law, but inadequate when compared with national averages. The tenants are farm workers, flown here from Puerto Rico, hardly a group to whom national averages would be applicable. Finding No. 12, concerning the state of the existing housing, is unrelated to any standards set forth in the zoning ordinance and is, therefore, irrelevant to the application. Finding No. 17, concerning fire protection, is unsupported by the record. The testimony of the fire commissioner relied upon by respondent in support of this finding speaks to tax revenues rather than fire protection. As such, it should be disregarded. The remaining objections to the permit contained in the findings consist of nothing more than general criticisms of the existing conditions of migrant farm workers on the farm and the problems to the town caused thereby. A permitted special use may not be arbitrarily denied without a rational basis, and denial solely because there is a general objection to the special use would be arbitrary (see *Matter of Pleasant Val. Home Constr. v Van Wagner*, 41 NY2d 1028; *Matter of Fox v City of Buffalo Zoning Bd. of Appeals*, 60 AD2d 991). "The inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243, *supra*). On this record, to the extent that the denial was based on these general objections, it was contrary to the findings, implicit in the ordinance, that an apartment building would not adversely affect an R-A zoning district. For all of the foregoing reasons, respondent's determination should be annulled, and respondent should be directed to issue a special use permit to petitioner. Petition granted and determination annulled, without costs, and respondent is directed to grant petitioner's application for a special use permit. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.