■ In the Matter of OYSTER BAY DEVELOPMENT CORP., Respondent-Appellant, v TOWN BOARD OF TOWN OF OYSTER BAY, Appellant-Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay, dated April 28, 1981 and made after a hearing, which denied petitioner's application for a special use permit to erect, operate and maintain a hotel in a "G" business district, the parties cross-appeal from an order of the Supreme Court, Nassau County (Wager, J.), entered October 16, 1981, which remitted the matter to the board for "further proof regarding the traffic hazard or for the issuance of the special use permit". Leave to appeal is granted to the town board by Justice Gibbons. The petitioner's cross appeal is dismissed for failure to properly perfect (*Copper v Bosse,* 85 AD2d 616). Upon appeal by the town board, order affirmed, without costs or disbursements. Section 485 of the Building Zone Ordinance of the Town of Oyster Bay provides in pertinent part: "In [a] G business district, no building or premises shall be used, and no building shall be hereafter erected unless otherwise provided in this Ordinance, except for one (1) or more of the following uses * * * (c) Hotels, inns, motels, tourist cabins, lodging and boarding houses, convalescent homes, when approved by the town board as a special exception after a public hearing * * * (dd) Hospital, convalescent, or nursing home." Petitioner's application for a special use permit to construct and maintain a hotel for wealthy, elderly individuals in a "G" business district was denied by the Town Board of the Town of Oyster Bay. Petitioner then initiated the instant article 78 proceeding. In its decision Special Term stated

that: "[i]t is arbitrary, capricious and illegal to predicate a denial upon vehicular traffic grounds where the projected increase would be no greater than that which could be expected from other permitted uses". The court concluded that: "[t]he only findings of legal significance which appear to have any support in the record at all are the findings with respect to traffic congestion and — insofar as traffic congestion may be the basis — the finding with respect to effect upon nearby residential areas. However, as to these two issues the record is barren of evidence as to the traffic which might be expected from other uses permitted as of right in the 'G' Business District." The court remitted the matter to the town board for further proof regarding the traffic hazard or for the issuance of the special use permit subject to reasonable conditions. In its brief on this appeal, the town board concedes that Special Term "did not err when it found that the only findings of legal significance which appear to have any support in the record at all are the findings with respect to traffic congestion". The board argues that Special Term erred in remanding the matter, since there is substantial evidence in the record that the proposed hotel use would create "an over-use of the property, traffic congestion and hazardous conditions". There should be an affirmance. The only expert testimony was that of petitioner's traffic expert who was of the opinion that the existing street system could handle the projected increase in traffic. His opinion was based on a study conducted at the site on a sunny weekday in the month of January, 1981. The only evidence adduced at the hearing to refute his testimony was the testimony of a number of local residents and the affidavit of a town board member familiar with the area describing existing conditions with special reference to weekends, holidays and the summer, e.g., that parking spaces on the streets in the area were constantly filled, that trucks entering and exiting from existing establishments posed a danger to children, that the narrower streets were frequently congested and that it was difficult to make left-hand turns at some intersections (cf. *Matter of Franchise Realty Interstate Corp. v Cohalan*, 78 AD2d 552, affd 54 NY2d 643). The town board's findings are conclusory in form and the evidence in the record is not sufficient to establish that petitioner's proposed use would have a greater impact on the traffic in the area than would other permitted uses not subject to special permits. Accordingly, a hearing before the board is required. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.