■ In the Matter of KNISPEL CONSTRUCTION COMPANY, INC., Appellant, v JOSEPH MISSAVAGE, as Building Official of the Town of Union, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Zeller, J.), entered May 20, 1983 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Town of Union and to rescind a stop-work order issued against petitioner's property. ¶ In May, 1982, petitioner purchased real property located at 2107 East Main Street in the unincorporated community of Endwell in the Town of Union, Broome County.

In June of 1982, the Town of Union granted petitioner permits to demolish the site's existing structure and construct a new building to be used as a retail store, but in July of 1982, after the existing structure had been demolished, the town issued an order halting construction and informed petitioner that its building permit was revoked. Respondent Joseph Missavage, the town's building official, explained this action was necessary because petitioner had submitted a signed lease for the premises. This, wrote Missavage, violated condition six of the site plan approved by the planning board and implied that petitioner had misrepresented a material fact in its building permit application, in violation of subdivision A of section 7-15 of the Town of Union Building Code. Missavage inferred the misrepresentation from the fact that the lease had been signed one day after the permit had been issued for an *unspecified retail use,* suggesting that petitioner had known the specific intended use prior to the time the permit was issued. ¶ Petitioner commenced a CPLR article 78 proceeding on August 2, 1982 to challenge the stop-work order and the revocation of its building permit. Special Term dismissed that petition for failure to exhaust administrative remedies, and petitioner then appealed to the Town of Union Zoning Board of Appeals (ZBA), which denied petitioner's appeal. The ZBA reasoned that the material misrepresentation was established because the lease: "obviously was drawn with articulation requiring more than a one day interval between the date of the issuance of the permit, to wit, June 24, 1982, and the day of its signature, June 25, 1982. It is obvious from examination of the lease, and the testimony, that the appellant had negotiated for the execution of the lease either prior to or simultaneously with the issuance of the permit." The ZBA also concluded the lease was a material misrepresentation because the use it indicated — a bookstore — was a questionable use that would have been referred to the ZBA in the first instance by the building official. ¶ Petitioner then commenced the instant CPLR article 78 proceeding, this time to challenge the ZBA's decision. Petitioner also sought a declaration that a town zoning ordinance, enacted July 7, 1982 (Town of Union Ordinance No. 82-3), "does not apply to the business. [*sic*] intended to be operated by petitioner". Special Term dismissed the petition, concluding that the stop-work order and revocation were justified because of petitioner's misrepresentation. This appeal ensued. ¶ Section 7-11 (subd B, par [2]) of the Town of Union Building Code provides that the application for a building permit shall contain "a statement of the use or occupancy of all parts of the land and the proposed building or structure". Subdivision A of section 7-15 of the same code states that the building official may revoke a building permit where he "finds that there has been any false statement or misrepresentation as to a material fact in the application, plans or specifications on which the building permit was based". The misrepresentation found here was that petitioner said it did not know the intended use of the building when, in fact, it had already negotiated a lease. Such determination in this matter must be confirmed if not arbitrary and capricious (CPLR 7803, subd 3; see *Matter of Frangella Mushroom Farms v Zoning Bd. of Appeals,* 87 AD2d 962, affd on mem below 57 NY2d 811). ¶ A review of the record, contrary to petitioner's contention, reveals that the ZBA's determination was not arbitrary or capricious. First, in light of the facts outlined above, we cannot find unreasonable the ZBA's conclusion that petitioner made a misrepresentation with respect to the use of the proposed building (cf. *Matter of Di Maria v Ross,* 52 NY2d 771). Further, since section 7-11 (subd B, par [2]) of the town's building code specifically required petitioner to file a statement as to the use or occupancy of the proposed building, the determination of materiality was clearly not arbitrary or capricious. Accordingly, we cannot disturb the revocation, pursuant to the provisions of subdivision A of section 7-15 of the town's building code, of

petitioner's building permit. ¶ Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.