■ In the Matter of McDONALD'S CORPORATION, Appellant, v HENRY W. ROSE et al., Constituting the Zoning Board of Appeals of the Town of Hempstead, Respondents. — In a proceeding pursuant to CPLR article 78 to review respondents' denial of petitioner's applications for an area variance and a special exception permit, petitioner appeals (by permission), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated July 19, 1984, as, after annulling the determination, remitted petitioner's application to respondents for a new hearing and determination.

Order, modified, on the law and the facts, by deleting the provision thereof which orders a "full and proper hearing" before respondents and substituting therefor a provision directing respondents to grant petitioner's application for the area variance and petitioner's application for a special exception permit subject to any reasonable conditions which the Board may deem necessary and appropriate. As so modified, order affirmed, insofar as appealed from, with costs to petitioner.

Petitioner brought this proceeding to challenge the denial, after a hearing, of its application for an area variance of two feet onto the front yard setback and six feet onto the side yard setback in order to install four additional parking stalls, and a special exception permit to install and operate a "drive-thru" window and car-stacking lane at its fast-food franchise. Respondents, constituting the Zoning Board of Appeals of the Town of Hempstead, denied this application without findings and petitioner then instituted this CPLR article 78 proceeding. Thereafter, by stipulation of the parties, the record was resubmitted to respondents for the purpose of producing written findings, and to obviate the need for a remittitur for that purpose. Special Term properly found that the subsequent findings issued by

respondents were improper in that they were based, in part, upon matters dehors the record (*see, e.g., Matter of Simpson v Wolansky,* 38 NY2d 391, 396). However, we disagree with Special Term's determination that, in this instance, the proper remedy would be a remittitur for a "full and proper hearing".

Even with this additional improper information considered, the findings of the respondents are without factual support in the record. In fact, rather than contradicting the uncontroverted expert opinion evidence of petitioner's traffic expert rendered at the hearing, this additional information concurred with his findings. Consequently, respondents' findings that the granting of petitioner's application for a special exception permit would increase traffic congestion both on and off the site and create a situation which might impede the free flow of traffic along the adjoining thoroughfares suffered from a complete lack of factual support and represent an arbitrary and capricious exercise of respondents' authority (*see, e.g., Matter of Frangella Mushroom Farms v Zoning Bd. of Appeals,* 87 AD2d 962, *affd* 57 NY2d 811 for reasons stated at App Div). The record demonstrates that petitioner met its burden of proof for the granting of such a permit (*see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238), and no reason for a new hearing appears in the record.

In addition, respondents' findings fail to advance any reason whatsoever for the denial of petitioner's application for an area variance. The only reference to the variance application in the findings is found in the following cryptic paragraph: "THIRD; The subject use will require 30 off-street parking stalls, of which 4 are in the front yard setback area and require a variance, since such parking is not permitted. The Board will not dispute such parking and will proceed with the discussion of the denial of the drive-through, on the basis of 30 approved stalls being provided".

The record, however, clearly reveals that a variance for additional parking in the yard set-back areas is the rule rather than the exception within the vicinity of petitioner's restaurant and petitioner demonstrated that "practical difficulties" necessitate the variance (*Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606; *Matter of Wilcox v Zoning Bd. of Appeals,* 17 NY2d 249, 255). Furthermore, the relatively miniscule scope of the requested variance and the complete absence of any showing in the record of an overriding community interest in strict enforcement of the yard set-back requirement in this particular case also leads to the conclusion that the denial of the variance application was also arbitrary and unfounded (*see, e.g., Matter of*

*Consolidated Edison Co. v Hoffman, supra,* at p 606; *Matter of National Merritt v Weist,* 41 NY2d 438, 441).

Therefore, Special Term erred in failing to direct the issuance of a variance and permit to petitioner. The matter is remitted to respondents for the issuance of the variance and permit and the consideration of any *reasonable* conditions to the special exception permit which the respondents might deem necessary and appropriate upon a stated factual predicate (*see, e.g., Matter of North Shore Steak House v Board of Appeals, supra,* at p 246). Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.