In the Matter of TRIANGLE INN, INC., Appellant, v MICHAEL A. LO GRANDE et al., Respondents

The petitioner, owner and operator of a 54-unit motel located in the Town of Islip, sought a special use permit to add an additional 72 rooms, along with a restaurant-lounge

facility and satellite dish antenna. After a public hearing, the Town Board denied the permit, stating that because the motel was located in a high-noise area adjacent to the approach zone to MacArthur Airport (which the Board also termed a high-risk area for aircraft accidents), it would not be sound planning to locate a high-density residential use at that location. The Board also stated that expansion of the motel and installation of a restaurant would have adverse traffic impacts at an already overcongested location. The petitioner then commenced this proceeding. Special Term dismissed it, determining that there was substantial evidence in the record to support the board's finding that expansion of the motel would be unwise.

The decision as to whether to grant the special permit was one which was in the untrammeled, but not capricious, discretion of the Town Board (see, Cummings v Town Bd., 62 NY2d 833). A denial is arbitrary and capricious when it is based upon findings lacking factual support (see, Matter of McDonald's Corp. v Rose, 111 AD2d 850). In examining the record, we find no factual support for the Board's conclusion that the site of the motel was a high-risk area for aircraft accidents other than the fact that it is near an airport. The denial of a permit cannot be based upon mere speculation and conjecture (see, Matter of Pluto's Retreat v Granito, 80 AD2d 899). The Board's conclusions concerning the anticipated traffic problems were supported only by conclusory statements made at the public hearing that the intersection at which the motel was located was a "disaster", was "murder", was "accident-prone", and had an accident record which was "incredible". Allegations of this sort do not constitute the type of factual support which will support the denial of a permit (see, Matter of Oyster Bay Dev. Corp. v Town Bd., 88 AD2d 978). It is true that evidence adduced at the hearing showed that transient lodgings were not considered compatible with noise levels at the site unless special noise reduction construction was used. However, since the petitioner expressed a willingness to use this type of construction and the motel expansion would not in any way contribute to the excessive noise levels, the permit should not have been denied on this ground (see, Matter of Sal De Enters. v Town of Islip, 99 AD2d 469, lv denied 61 NY2d 604).

The respondents contend that we are required to affirm Special Term's judgment because the Town Board, on August 20, 1985, amended the zoning code so as to exclude motels from the permitted uses for the petitioner's property. The

town is the landlord of a piece of property located at the airport which is leased to a competing motel. The general rule is that an appellate court must apply the law as it exists at the time of its decision unless "special facts" are present to show that the municipality, in bad faith, delayed or denied approval of a proper application while it altered the zoning ordinance to bar the prospective development *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773; *Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *Matter of Hatcher v Planning Bd.,* 111 AD2d 812). The petitioner in the instant matter had complied with the terms of the ordinance in effect at the time that it applied for a special permit and the Town Board should have granted it *(see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243). We are unable on this record, however, to decide whether the "special facts" exception should be applied here. The record itself does not contain the amendment or the circumstances surrounding its adoption, and we received the information concerning the amendment only from the respondents' brief. Hence, we remit to the Supreme Court, Suffolk County, for a hearing, so that the circumstances concerning the amendment may be explored *(see, Matter of Gardiner v Lo Grande,* 83 AD2d 614, *affd* 60 NY2d 673). Thompson, J. P., Brown, Eiber and Spatt, JJ., concur.