In the Matter of JOHN S. BOWERS et al., Respondents, v HENRY ARON et al., Constituting the Board of Zoning Appeals of the Town of Ithaca, et al., Appellants.

Third Department, November 23, 1988

### APPEARANCES OF COUNSEL

*Barney, Grossman, Roth & Dubow (Nelson E. Roth* of counsel), for Henry Aron and others, appellants.

*Guttman & Heller (Stephen P. Heller* of counsel), for Marie L. Brown and another, appellants.

*Holmberg, Galbraith, Holmberg, Orkin & Bennett (Anna K. Holmberg* of counsel), for respondents.

### OPINION OF THE COURT

CASEY, J.

In April 1987, respondents Marie L. Brown and Randolph F. Brown sought permission to erect an inflatable plastic greenhouse on their property in the Town of Ithaca, Tompkins County, where they operate a fruit stand. The Browns' property is located in an area zoned for residential use, but their fruit stand constitutes a legal nonconforming use. During the prior year, a fire had destroyed a barn located on the Browns' property, and although the greenhouse apparently was not intended as a final replacement of the barn, the Browns proposed to locate the greenhouse on the site formerly occupied by the barn.* The town's zoning officer denied the Browns' request upon the ground that the proposed greenhouse constituted an extension of the nonconforming use. The Browns appealed to the Town's Zoning Board of Appeals, which ultimately granted permission to erect the greenhouse. Petitioners, neighboring landowners, commenced this CPLR article 78 proceeding to annul the Zoning Board's determination. Finding procedural and substantive flaws in the administrative process, Supreme Court annulled the determination, and this appeal ensued.

We begin our analysis with the general principle that "[t]he zoning ordinance determines what changes are permitted in pre-existing, nonconforming uses" *(Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160, 163). Section 54 of the town's

---

* The Browns indicated that they were financially unable to construct a replacement barn, but indicated their intention to seek permission to do so in the future. In the meantime, the proposed greenhouse was to serve, in part, as a storage area for material and equipment that had formerly been stored in the barn.

zoning ordinance (hereinafter the ordinance) provides that "[n]o non-conforming building or use shall be extended except as authorized by the [Zoning] Board". Section 77 of the ordinance establishes the Zoning Board and sets forth its powers and duties. Specifically, section 77 (7) provides that the Zoning Board "shall also hear and decide all matters referred to it or upon which it is required to pass by the terms of this ordinance". Section 77 (7) of the ordinance also contains six criteria which must be met before the Zoning Board grants "special approval".

In passing upon the Browns' request for permission to erect the greenhouse, the Zoning Board concluded that the Browns were seeking to extend the nonconforming use of their property, which, pursuant to section 54 of the ordinance, required approval by the Zoning Board. In deciding whether to approve the extension of the nonconforming use, the Zoning Board applied the standards for granting "special approval" contained in section 77 (7). There is nothing irrational in the Zoning Board's application of these clearly worded provisions of the ordinance. Accordingly, we conclude that Supreme Court erred in holding that the Browns needed a use variance which required a showing of hardship. In this regard, we note that section 77 (6) of the ordinance authorizes the Zoning Board to vary or modify the application of any provision of the ordinance where strict adherence to the ordinance will result in practical difficulties or unnecessary hardship. The Zoning Board rationally concluded that the Browns were not seeking to "vary or modify" the application of the ordinance, but, rather, their request was for Zoning Board approval to extend the nonconforming use of their property pursuant to the express provision of section 54 of the ordinance. We recently concluded that, pursuant to this provision, the extent to which a nonconforming use can be extended is a question for the Zoning Board (*Hull v Town of Ithaca,* 139 AD2d 887, 890). It is this provision of the ordinance, authorizing the extension of a nonconforming use with Zoning Board approval, that distinguishes this case from *Matter of Crossroads Recreation v Broz* (4 NY2d 39), cited by Supreme Court.

We also disagree with Supreme Court's holding that the Zoning Board's determination was "tainted" by a lack of due process. A public hearing was held on May 13, 1987 at which members of the public were permitted to voice their objections to the Browns' request. The public hearing was closed and the matter was thereafter adjourned "to give the zoning enforce-

ment officer an opportunity to work with the applicant and the Department of Transportation to develop suitable parking measures for this site, and that it be reported back to the [Zoning] Board to vote". At a subsequent hearing, held in June 1987, information from the County Commissioner of Planning and the Department of Transportation and statements by the Browns were entered into the record. When members of the public sought to speak in the matter, the Zoning Board denied their request on the ground that the public hearing had been closed at the prior meeting in May. The Zoning Board then voted to grant the Browns' request for approval to erect the greenhouse.

Petitioners concededly received the notice and opportunity to be heard required by Town Law § 267 at the public hearing held May 13, 1987. The acceptance of additional information at the subsequent hearing in June, without affording petitioners the opportunity to appraise or rebut it, does not serve as a basis for annulling the Zoning Board's determination (see, *Matter of De Blois v Wallace,* 88 AD2d 1073, 1074). The mere fact that petitioners wished to be heard further on the matter does not, ipso facto, establish a violation of their rights (see, *Matter of Concerned Citizens Against Crossgates v Town of Guilderland Zoning Bd. of Appeals,* 91 AD2d 763). Nonetheless, we conclude that the Zoning Board's action in denying petitioners the opportunity to speak at the June 24, 1987 hearing was arbitrary and capricious, for the published notice of that hearing stated that it was a public hearing on several matters, including the Browns' application, at which the Zoning Board would "hear all persons in support of such matters or objections thereto". Having notified the public that it would hear all persons in support of the Browns' application and all objections thereto, it was irrational for the Zoning Board to preclude petitioners from speaking solely on the ground that the prior public hearing had been declared closed.

We also conclude, as did Supreme Court, that the Zoning Board's findings are inadequate to support the determination. In essence, the Zoning Board's findings consist of a recitation of the standards set forth in section 77 (7) of the ordinance, with little or no attempt to correlate the evidence in the record to those standards. Thus, for example, the Zoning Board found that the construction of the proposed greenhouse "promotes the health, safety, morals and general welfare of the community in harmony with the general purposes of the Zoning Ordinance". There is, however, no explanation as to

what evidence in the record was relied upon by the Zoning Board in reaching this conclusion. Conclusions without supporting facts are insufficient *(see, Matter of Frangella Mushroom Farms v Zoning Bd. of Appeals,* 87 AD2d 962, 963, *affd* 57 NY2d 811). Findings of fact should be made "in a manner such that the parties may be assured that the decision is based on evidence of record, uninfluenced by extralegal considerations" *(Matter of Simpson v Wolansky,* 38 NY2d 391, 396). The appropriate judicial remedy in these circumstances is to annul the determination and remit the matter to the Zoning Board for appropriate action to cure the defects in the administrative process.

MAHONEY, P. J., KANE, YESAWICH, JR., and MERCURE, JJ., concur.

Judgment modified, on the law, without costs, by remitting the matter to the Zoning Board of Appeals of the Town of Ithaca for further proceedings not inconsistent with this court's decision, and, as so modified, affirmed.