■ In the Matter of MARRIOTT CORPORATION, Appellant, v HENRY W. ROSE et al., Respondents, and DONALD LAROCCA, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead, which denied its application for a special exception, the petitioner appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered August 10, 1989, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner leased a parcel of property located in the Town of Hempstead, partly in an area zoned as a business district and partly in an area zoned as a residence district. Situated in the business district part of the property is a restaurant onto which the petitioner proposes to add a "drive-thru" facility whereby customers can obtain fast food from order and pick-up stations without leaving their vehicles. The petitioner applied for a special exception under the Town of Hempstead Building Zone Ordinance § 272 (c) (14), which application was denied, after a hearing by the Board of Zoning Appeals.

The Supreme Court properly confirmed the Board of Zoning

Appeals determination. An applicant is not entitled to a special exception as of right *(see, Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802). Where the use is not expressly listed as a permitted one in a use district, board action "refusing to grant a 'special exception' is by definition and in essential character discretionary and not denial of a right" *(Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24; *see, Matter of Tandem Holding Corp. v Board of Zoning Appeals, supra).* In the instant case, the petitioner's proposed use did not meet certain criteria under the zoning ordinance, which had to be complied with before the Board could give its approval *(see,* Town of Hempstead Building Zone Ordinance § 267 [D] [2]). The determination of the Board that the petitioner's application did not meet the standards in the ordinance governing the granting of special exceptions is sufficiently supported in the record. Eiber, J. P., Sullivan, Harwood and Balletta, JJ., concur.