■ In the Matter of NATHAN SEROTA, Petitioner, v TOWN BOARD OF THE TOWN OF OYSTER BAY, Respondent. [605 NYS2d 930] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Oyster Bay, dated October 8, 1991, which, after a hearing, denied the petitioner's application for a special use permit. By decision and order of this Court dated March 29, 1993, the matter was remitted to the respondent for further consideration as to whether the petitioner's proposed use of the property would have a greater impact on traffic than other unconditionally permitted uses *(Matter of Serota v Town Bd.,* 191 AD2d 700).

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The respondent's finding that the volume of traffic which would be generated by the proposed retail use of the property would far exceed that generated by any other unconditionally

permitted uses in the area was supported by substantial evidence in the record *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894; *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24-25; *Matter of Marriott Corp. v Rose,* 168 AD2d 682; *cf., Matter of Triangle Inn v Lo Grande,* 124 AD2d 737). Given the already congested traffic conditions in the area, this finding constituted a reasonable ground for the respondent's conclusion that the proposed use would be detrimental to the public welfare *(see, Matter of Texaco Ref. & Mktg. v Valente,* 174 AD2d 674; *Matter of C & B Realty Co. v Town Bd.,* 139 AD2d 510). Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.