■ In the Matter of FRAMIKE REALTY CORP., Appellant, v ROBERT W. HINCK, SR., et al., Respondents. [632 NYS2d 177] —In a proceeding pursuant to CPLR article 78, to review a determination of the Board of Trustees of the Village of Mineola, dated January 19, 1994, which denied the petitioner's application for a special exception permit for a drive-in restaurant, the appeal is from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated August 29, 1994, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the proceeding is remitted to the Board of Trustees of the Village of Mineola for the purpose of issuing the special exception permit requested by the petitioner, subject to such appropriate conditions and restrictions as may be imposed.

Unlike a variance, a special permit or special exception allows an owner to use the subject property in a manner expressly permitted by law *(see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238; *Matter of C.B.H. Props. v Rose,* 205 AD2d 686). Such a classification is tantamount to a legislative finding that, if the special exception conditions are

met, such use is in harmony with the general zoning plan and will not adversely affect the neighborhood and the surrounding areas *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892; *Matter of North Shore Steak House v Board of Appeals, supra; Matter of C.B.H. Props. v Rose, supra).* While the Board of Trustees of the Village of Mineola (hereinafter the Board of Trustees) was free to consider matters related to the public welfare in determining whether to grant or deny a special exception or permit *(see, Cummings v Town Bd.,* 62 NY2d 833; *Matter of C & B Realty Co. v Town Bd.,* 139 AD2d 510), it was impermissible to deny a special exception or permit solely on the basis of generalized objections and concerns of the neighboring or adjoining community expressed by members thereof, which, in effect, amount to "community pressure" *(Matter of Lee Realty Co. v Village of Spring Val., supra,* at 894). Further, generalized complaints about traffic from local residents describing existing conditions are insufficient to counter an expert opinion based on empirical studies that "the existing street system could handle the projected increase in traffic" *(Matter of Oyster Bay Dev. Corp. v Town Bd.,* 88 AD2d 978, 979; *see also, Matter of Triangle Inn v Lo Grande,* 124 AD2d 737; *Green v Lo Grande,* 96 AD2d 524; *see also, Matter of Old Country Burgers Co. v Town Bd.,* 160 AD2d 805).

In this instance, the generalized complaints of the residents as to increased traffic and insufficient parking, and the summary recommendation of the Village of Mineola Planning Board, were uncorroborated by any empirical data or expert opinion. Therefore, there was insufficient evidence to counter the evidence submitted by the appellant's experts that the area roads were able to handle any increase in traffic. Thus, there was no basis in the record upon which the Board of Trustees could properly base a denial of the application and the petition should have been granted. O'Brien, J. P., Joy, Altman and Florio, JJ., concur.