■ In the Matter of WESTBURY TROMBO, INC., Appellant, v BOARD OF TRUSTEES OF VILLAGE OF WESTBURY et al., Respondents. [763 NYS2d 674] —In a proceeding pursuant to CPLR article 78 (1) to review a determination of the Board of Trustees of the Village of Westbury dated May 2, 2002, which denied the petitioner's application for a special use permit, and a determination of the Board of Zoning Appeals of the Village of Westbury dated April 15, 2002, which denied the petitioner's application for a use variance, and (2) to invalidate Local Law No. 10 (2000) and No. 4 (2001) of the Village of Westbury, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated July 23, 2002, which denied the petition and dismissed the proceeding.

Ordered that the proceeding, insofar as it seeks to invalidate Local Law No. 10 (2000) and No. 4 (2001) of the Village of Westbury, is converted to an action for declaratory judgment, and the notice of petition and petition are, to that extent, deemed to be a summons and complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the determinations dated May 2, 2002, and April 15, 2002, are annulled; and it is further,

Adjudged and declared that Local Law No. 10 (2000) and Local Law No. 4 (2001) of the Village of Westbury are invalid.

On November 2, 2000, the Board of Trustees of the Village of Westbury (hereinafter the Board) passed Local Law No. 10 (2000) of the Village of Westbury. One of the provisions of this local law declared that, subject to an exception not applicable here, it would be "unlawful" to operate a business between the hours of 11:00 P.M. and 6:00 A.M. of the following day on land zoned for any business, industrial, or residential parking district that either abuts, or is within 100 feet of, any land zoned for residential or apartment use. The petitioner's property is located in a business district.

On September 20, 2001, the Board passed Local Law No. 4 (2001) of the Village of Westbury, which contains a provision that is essentially identical to the one referred to above. This local law also contains a provision that specifies that a violation of the prohibition against the operation of businesses between 11:00 P.M. and 6:00 A.M. would constitute a misdemeanor, and would expose the violator to "a fine not to exceed $1,000 or to imprisonment not to exceed 15 days, or to both such fine and such imprisonment."

Local Law No. 10 (2000) also contains a provision, left unchanged by the enactment of Local Law No. 4 (2001), according to which a special permit would be required in order to operate any business or industrial use between the hours of 11:00 P.M. and 6:00 A.M., even when such business or industrial uses are located more than 100 feet from any land zoned for residential or apartment use.

The petitioner, Westbury Trombo, Inc. (hereinafter Trombo), proposes to operate a business that would be "unlawful" in accordance with the provisions noted above, in that its business would be located on property that abuts a residential district and would operate between the hours of 11:00 P.M. and 6:00 A.M. In its petition Trombo alleged, among other things, that the provisions quoted above are unconstitutional and otherwise invalid. Trombo relied on the case of *Louhal Props. v Strada* (191 Misc 2d 746 [2002], *affd* 307 AD2d 1029 [2003] [decided herewith]), in which the Supreme Court (Winslow, J.), in an order dated March 28, 2002, found in favor of the petitioner in an analogous case, and enjoined the enforcement of Local Law No. 10 (2000) and No. 4 (2001) of the Village of Westbury.

In the judgment under review, the Supreme Court denied the petition and dismissed Trombo's proceeding. The court stated, among other things, "the respondent Village is not precluded from enacting general legislation applicable to the operation of business," and that "the zoning ordinance challenged here relates directly to the petitioner's use of its property and the effect it has on neighboring properties."

Assuming, without deciding, that Village Law § 7-700 authorized the Board to enact a local law prohibiting a restaurant or "fast food" business from operating within its jurisdiction, or subjecting such a business to an otherwise inapplicable requirement that it obtain a special use permit or variance, based solely on the fact that the business would operate between the hours of 11:00 P.M. and 6:00 A.M. (*but see Framike Realty Corp. v Hinck,* 220 AD2d 501, 502 [1995]; *Matter of Old Country Burgers Co. v Town Bd. of Town of Oyster Bay,* 160 AD2d 805,

806 [1990]; *Matter of Summit School v Neugent,* 82 AD2d 463, 466-467 [1981]; *De Sena v Gulde,* 24 AD2d 165 [1965]; *Matter of Schlosser v Michaelis,* 18 AD2d 940 [1963]), the exercise of such power must be supported, at the very least, by evidence showing that the "atmosphere of the surrounding area" would be adversely affected by the presence of such an overnight business (*Matter of St. Onge v Donovan,* 71 NY2d 507, 518 [1988]). Because "generalized * * * concerns of the neighboring * * * community * * * uncorroborated by any empirical data" are not probative of any such potential detriment (*Matter of Framike Realty Corp. v Hinck,* 220 AD2d 501, 502 [1995] [internal quotation marks omitted], *supra*), and the petitioner's property rights should not be impaired based on the "whims of an articulate minority * * * of the community" (*Matter of St. Onge v Donovan,* 71 NY2d 507, 518 [1988] [internal quotation marks omitted], *supra*), and because the record in this case does not otherwise contain sufficient evidence in this respect, the local laws under review should not be upheld as a valid exercise of the Board's powers under Village Law § 7-700.

The local laws under review in this case likewise may not be upheld as an exercise of the Board's general police powers (*see Matter of Belle Harbor Realty v Kerr,* 35 NY2d 507 [1974]; *cf. Matter of Taylor Tree v Planning Bd. of Town of Montgomery,* 272 AD2d 336 [2000]; *Town Bd. of Town of Southampton v 1320 Entertainment,* 236 AD2d 387 [1997]). There is insufficient evidence to support the conclusion that the existence of a retail business that operates 24 hours a day in the vicinity of a residential area has any detrimental impact on the health, safety, welfare, or morals of the community.

The present appeal should not be dismissed as moot because of the enactment, during the pendency of this appeal, of Local Law No. 4 (2003) of the Village of Westbury. This new local law repeals, in whole or in part, the local laws that were challenged in this proceeding, but it replaces those local laws with provisions that, in substance, place the same limitations on the hours during which the petitioner herein may conduct its proposed business. While somewhat different in scope, this new local law, on its face, may suffer from the same basic infirmity as the prior ones, and under these circumstances, the mootness doctrine should not be applied (*cf. Bergstol v Town of Monroe,* 305 AD2d 349 [2003]; *Bergstol v Town of Monroe,* 296 AD2d 431 [2002]). However, we do not deem it appropriate, in the circumstances of this case, to pass on the validity of the new law in the absence of any proceeding or action addressed to the validity of such law. Prudenti, P.J., Ritter, Altman and Cozier, JJ., concur.