■ In the Matter of EMREY PROPERTIES, INC., Appellant, v PATRICIA A. BARANELLO et al., Respondents. [877 NYS2d 215]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Oyster Bay Zoning Board of Appeals dated February 15, 2007, which, after a hearing, denied the petitioner's application for a special use permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), entered October 23, 2007, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is granted, the determination of the Town of Oyster Bay Zoning Board of Appeals is annulled, and the matter is remitted to the Town of Oyster Bay Town Board to issue an appropriate building permit to the petitioner.

The petitioner, Emrey Properties, Inc. (hereinafter Emrey), owns property located in Massapequa, upon which is located a gas station and an auto repair shop. In 1990 the prior owner of the property, BMV Enterprises, Inc. (hereinafter BMV), applied to the Town of Oyster Bay Town Board (hereinafter Town Board) for site plan approval and a special use permit to construct a new gas station, as well as a convenience store. On March 12, 1991, following a site plan review, the Town Board issued a resolution setting forth, inter alia, that the proposed construction would not have a significant impact on the environment. The Town Board further found, based on various trip generation estimates in the Transportation and Traffic Engineering Handbook, that the proposed project was "not expected to result in a significant adverse impact on traffic levels utiliz-

ing the local roadways." In February 1993 the Town Board granted BMV a special use permit for construction of a new gas station and convenience store on the property, subject to certain voluntary covenants and restrictions. However, BMV never commenced any new construction on the property.

On June 5, 2003, Emrey purchased the property and, less than one month later, began converting the auto repair shop to a convenience store. On July 10, 2003, the Town of Oyster Bay Department of Planning and Development (hereinafter the Town) issued a stop-work order. Thereafter, the Town denied Emrey's application for a special use permit. Emrey appealed the denial to the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter ZBA). Following a public hearing, the ZBA denied the application based upon, inter alia, its conclusion that the proposed convenience store, although it would be a conforming use, would constitute an impermissible intensification of the property. Emrey then commenced this CPLR article 78 proceeding to annul the ZBA's determination, arguing, among other things, that the determination was arbitrary, capricious, and unsupported by the evidence in the record. The Supreme Court denied the petition and, in effect, dismissed the petition. We reverse.

In reviewing the denial of a special use permit, this Court's function is to ensure that the discretion exercised by the local body was not arbitrary and capricious (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]; *see Matter of Rendely v Town of Huntington*, 44 AD3d 864, 865 [2007]). "[A] special use permit does not involve a use of property forbidden by the zoning ordinance but instead constitutes a recognition of a use which the ordinance permits under stated conditions" (*Matter of Texaco Ref. & Mktg. v Valente*, 174 AD2d 674, 675 [1991]; *see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243 [1972]).

Here, since the proposed convenience store would constitute a conforming use under the current zoning of the area where the subject property is located, there had to be reasonable grounds for the denial of the petitioner's application (*see Matter of Carrol's Dev. Corp. v Gibson*, 53 NY2d 813 [1981]; *see also Matter of J.P.M. Props. v Town of Oyster Bay*, 204 AD2d 722 [1994]; *Matter of Framike Realty Corp. v Hinck*, 220 AD2d 501 [1995]; *Matter of Texaco Ref. & Mktg. v Valente*, 174 AD2d 674 [1991]). However, while the ZBA concluded that a convenience store would intensify use of the subject property, there was no evidence adduced at the hearing to support such a conclusion. Indeed, the Town offered no proof to contradict the prior "no

adverse impact" determination which it had reached when it issued the special use permit in February 1993 to BMV, the petitioner's predecessor, allowing for construction of a new gas station and convenience store. Moreover, the evidence does not establish that the proposed use would have a greater impact upon traffic than would other unconditionally permitted uses (*cf. Matter of Serota v Town Bd. of Town of Oyster Bay*, 198 AD2d 507 [1993]).

In light of the foregoing, we conclude that the ZBA's denial of the petitioner's application for a special use permit was arbitrary and capricious, and must be annulled (*see Matter of Markowitz v Town Bd. of Town of Oyster Bay*, 200 AD2d 673, 675 [1994]).

In light of our determination, we need not reach the petitioner's remaining contentions. Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.