In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Oyster Bay Zoning Board of Appeals, dated February 15, 2007, which, after a hearing, denied the petitioner’s application for a building permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County *1065 (Adams, J.), entered October 23, 2007, which denied the petition and, in effect, dismissed the proceeding. By decision and order of this Court dated April 21, 2009, the judgment of the Supreme Court was reversed, the petition was granted, the determination of the Town of Oyster Bay Zoning Board of Appeals was annulled, and the matter was remitted to the Town of Oyster Bay Town Board to issue an appropriate building permit to the petitioner (see Matter of Emrey Props., Inc. v Baranello, 61 AD3d 866 [2009]). By opinion dated January 12, 2010, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court “for consideration of issues raised but not considered on appeal to [this] court” (Matter of Emrey Props., Inc. v Baranello, 13 NY3d 915, 916 [2010]).
Ordered that, upon remittitur from the Court of Appeals, the judgment of the Supreme Court, Nassau County, entered October 23, 2007, which denied the petition and, in effect, dismissed the proceeding, is affirmed, with costs.
In 2003, the petitioner, Emrey Properties, Inc. (hereinafter Emrey), purchased property located in Massapequa, upon which a gas station and a former auto repair shop are located. In 1993, the previous owner secured a special use permit from the Town of Oyster Bay Town Board (hereinafter the Town Board) for construction of a new gas station and convenience store on the property, subject to certain voluntary covenants and restrictions. At some point prior to the time when Emrey purchased the property, the previous owner closed the auto repair shop and began conversion to a convenience store, but this work was left unfinished. In June 2003, Emrey began work to complete the conversion of the auto repair shop to a convenience store. On July 10, 2003, the Town of Oyster Bay Department of Planning and Development (hereinafter the Planning Department) issued a stop-work order. In April 2005, Emrey submitted to the Planning Department an “application for permit to build or install,” seeking to “convert 850 square feet of the existing auto repair shop to retail use.” In May 2005, the Planning Department issued a notice of rejection, which stated “Section 246-5.2 [—] Conversion of auto repair shop at a gas station located in an ‘NB’ Neighborhood Business district requires change of zone and special use permit” (emphasis added). In June 2005, Emrey appealed this rejection to the Town of Oyster Bay Zoning Board of Appeals (hereinafter the ZBA).
In February 2007, following a public hearing, the ZBA denied the appeal based upon, inter alia, its conclusion that the proposed convenience store would constitute an impermissible intensification of the property. Emrey then commenced this *1066 CPLR article 78 proceeding to annul the ZBA’s determination, arguing, among other things, that the determination was arbitrary, capricious, and unsupported by the evidence in the record. The Supreme Court denied the petition and, in effect, dismissed the proceeding, finding that “while a retail store is a conforming use within [an] NB district, it is only permissible as a principle [sic] use and not as an accessory use to a nonconforming use,” and that the ZBA’s determinations that there had been an abandonment of one of the legal nonconforming uses of the property (i.e., the auto repair shop portion), and that the addition of the convenience store would create an intensification of the legal nonconforming use of the property (i.e., the gas station), were supported by the record, and not arbitrary or capricious.
Emrey then appealed to this Court, arguing that the Supreme Court erred in sustaining the ZBA’s determination. More specifically, Emrey contended that, by virtue of a use variance granted to a prior owner of the property in 1949, the gas station/auto repair shop was a use of the property authorized by the variance and, thus, was not a nonconforming use within the meaning of the Town Code. Accordingly, Emrey contended that it was not required to comply with those provisions of the Town Code which govern changes to nonconforming uses of property, including that which addresses intensification (see Town of Code of Town of Oyster Bay § 246-4.2.2.1), and that it was entitled to convert the repair shop to a convenience store (a permitted use of the property under the current zoning) as of right. In any event, Emrey argued that it had not abandoned the auto repair use portion of the property, and that the conversion to a convenience store would not intensify the use of the property. On appeal, this Court concluded that the ZBA had not demonstrated that the conversion to a convenience store would intensify use of the subject property, and directed the Town Board to issue an appropriate building permit to Emrey (see Matter of Emrey Props., Inc. v Baranello, 61 AD3d 866 [2009]).
The Court of Appeals reversed this Court’s decision and order, specifically stating “[t]he Zoning Board’s determination, upholding the Planning Board’s denial of a building permit for petitioner to intensify an existing nonconforming use, was not arbitrary, capricious, or contrary to the Town Code” (Matter of Emrey Props., Inc. v Baranello, 13 NY3d 915, 916 [2010] [emphasis added]): The Court of Appeals also remitted the case to this Court for “consideration of issues raised but not considered on appeal to [the Appellate Division]” (id. at 916). Inasmuch as the decision specifically stated that the existing *1067 use of the property is nonconforming, it has, in effect, rendered academic the remaining issues that were based upon Emrey’s contention that the present use of the property was not nonconforming. To the extent the question of whether the existing use of the property was, indeed, nonconforming was not decided by the Court of Appeals, that contention “is precluded from judicial review as [it] was not raised at the administrative level” (Matter of Trident Realty v Planning Bd. of Inc. Vil. of E. Hampton, Suffolk County, 248 AD2d 545 [1998]; see Matter of Klapak v Blum, 65 NY2d 670, 672 [1985]; Matter of Buffolino v Board of Zoning & Appeals of Inc. Vil. of Westbury, 230 AD2d 794, 795 [1996]; see also Matter of Alfano v Zoning Bd. of Appeals of Vil. of Farmingdale, 74 AD3d 961 [2010]; Matter of Icahn v Board of Zoning Appeals of Vil. of E. Hampton, 268 AD2d 475, 476 [2000]).
Further, the record demonstrates that the legal nonconforming repair shop use of the property was abandoned or discontinued. First, there is evidence that the repair shop use of the property had been discontinued even before Emrey purchased the property. In fact, Emrey concedes that the prior owner had begun conversion of the repair shop before Emrey bought the property. Although it is unclear when the prior owner ceased the repair shop operation and began its conversion, the prior owner was issued a special use permit to “utilize the premises as and for a convenience store and gasoline filling station” in 1993, 10 years before Emrey purchased the property. Moreover, at the ZBA hearing conducted as a result of Emrey’s appeal from the Planning Department’s rejection of its application for a building permit, a witness who lived in close proximity to the subject property testified, “[t]he gas station has been there for a while. The service station has been closed. There was work started on it a few years ago, and then apparently it was stopped for whatever reason.” Thus, there is evidence in the record to support the conclusion that the repair use of the property had been abandoned for more than one year even before Emrey purchased the property. Consequently, Emrey was required to comply with the Town Code provisions regarding abandonment of a legal nonconforming use in order to construct the convenience store in place of the auto repair shop.
Accordingly, since the issues not considered by this Court on the prior appeal have been rendered academic by the Court of Appeals’ opinion or are without merit, the judgment of the Supreme Court must be affirmed. Skelos, J.E, Fisher, Santucci and Balkin, JJ., concur.