In the Matter of Tri Cities Industrial Park, Appellant, v Commissioner of the Department of Environmental Conservation et al., Respondents. Environmental Management Council of the County of Albany, Intervenor-Respondent.

Third Department, July 17, 1980

## APPEARANCES OF COUNSEL

*Tate, Tate, Miller & Ruthman (Rex Ruthman* of counsel), for appellant.

*Robert Abrams, Attorney-General (Kathleen Morrison* and *Shirley Adelson Siegel* of counsel), for respondents.

*Robert G. Lyman, County Attorney (Cathryn M. Nick* of counsel), for intervenor-respondent.

## OPINION OF THE COURT

SWEENEY, J.

The facts are somewhat lengthy, but a full recitation is required to understand and resolve the issues raised. Petitioner applied, on July 19, 1977, to the Town of Colonie to have a 90-acre parcel of land rezoned from "undeveloped" to "heavy commercial" in order to permit the development of an industrial park. The Colonie Planning Board directed petitioner to prepare an environmental assessment of the project area and to analyze the impact of the proposed project on the environment. This was done and a public hearing was conducted. After the hearing, respondent New York State Department of Environmental Conservation (DEC) advised the Town

of Colonie Planning Coordinator, by letter dated December 1, 1977, that there were possible "Wetlands" on petitioner's parcel and that it should be explored. On the recommendation of the planning department, however, the town board, on March 13, 1978, rezoned the parcel from "undeveloped" to "Commercial H".

On May 1, 1978, petitioner wrote the regional permit administrator, requesting an application and protesting the inclusion of wetlands on the parcel. Petitioner also requested a delineation of the alleged wetlands. After completing its application, petitioner was advised that a field review of its project was in progress. Thereafter, a notice of application was issued which provided that objections to the application were to be filed no later than July 21, 1978. From the record, it appears that timely objections were submitted to DEC by the Albany County Environmental Management Council (EMC).

Subsequently, DEC issued a negative declaration, which meant that an environmental impact statement need not be prepared, and granted petitioner a freshwater wetlands permit. EMC appealed the determination to the Freshwater Wetlands Appeals Board. On appeal, DEC "confessed error", conceding several procedural irregularities, and the board reversed the DEC's decision granting the permit and found that DEC, *inter alia,* apparently failed to consider the existence of extensive wetlands on the site.

The instant CPLR article 78 proceeding was commenced to overturn the board's decision and reinstate the permit. Special Term proceeded to the merits and dismissed the petition, agreeing with the board that DEC's review was inadequate. This appeal ensued.

Petitioner urges several grounds in challenging this recently enacted legislation which require a construction of it by us. We find little guidance in decisional law. Initially, petitioner contends that it was error to accord EMC the right to challenge DEC's issuance of the permit to petitioner. Specifically, petitioner contends that there is no statutory authority to support EMC's standing to participate in the proceeding before the board. We disagree. A careful reading of the legislation compels a contrary conclusion. The act grants the board the power to hear appeals by any party to any proceeding before the commissioner (ECL 24-1103, subd 1, par c). In our view, EMC became a party within the meaning of that statute when it submitted objections to DEC on petitioner's

permit application. Consequently, EMC had standing to pursue its appeal.

██ We pass to petitioner's more vexing and critical contention that the act does not invest DEC with regulatory jurisdiction over freshwater wetland areas which have not been mapped. Again we disagree. A resolution of this issue requires an examination and analysis of ECL 24-0703 (subd 5), which reads as follows: "Prior to the promulgation of the final freshwater wetlands map in a particular area and the implementation of a freshwater wetlands protection law or ordinance, no person shall conduct, or cause to be conducted, any activity for which a permit is required under section 24-0701 of this article on any freshwater wetland unless he has obtained a permit from the commissioner under this section. Any person may inquire of the department as to whether or not a given parcel of land will be designated a freshwater wetland subject to regulation. The department shall give a definite answer in writing within thirty days of such request as to whether such parcel will or will not be so designated. Provided that, in the event that weather or ground conditions prevent the department from making a determination within thirty days, it may extend such period until a determination can be made. Such answer in the affirmative shall be reviewable pursuant to title eleven of this article; such an answer in the negative shall be a complete defense to the enforcement of this article as to such parcel of land. The commissioner may by regulation adopted after public hearing exempt categories or classes of wetlands or individual wetlands which he determines not to be critical to the furtherance of the policies and purposes of this article."

Petitioner argues that it is unreasonable to assume that a property owner would make inquiry of DEC unless his land had been identified as a wetland area. Concededly, no final map had been prepared and petitioner's land was not identified as wetland on a tentative map. While there appears to be some validity to this assessment, close scrutiny and analysis of the legislation in its entirety leads us to conclude otherwise. The plain language of this subdivision proscribes activity on said lands prior to the promulgation of a final wetland map unless a permit has been issued. This clear language, together with the express public policy and intent of the legislation as declared in ECL 24-0103, confers, in our opinion, jurisdiction in DEC for the entire period between the effective date of the

act and promulgation of a final map. To hold otherwise would frustrate the clear intent and purpose of the legislation. Furthermore, it appears from the record that as early as December, 1976, petitioner had some notice that there was a possibility of wetlands on the site in question..

We reject petitioner's contention that DEC waived its regulatory authority by concededly failing to respond to petitioner's request within the 30 days provided for in ECL 24-0703 (subd 5). The statute does not provide for any consequence for failure to respond within the time limit. In our opinion, the time designation was not intended as a limitation on the power of DEC and, therefore, the provision is directory and not mandatory (see *Matter of Grossman v Rankin,* 43 NY2d 493, 501). Accordingly, DEC was not deprived of jurisdiction in failing to respond within the 30-day time limitation.

We also disagree with petitioner's contention that the board erroneously directed a *de novo* review, pursuant to the State Environmental Quality Review Act (SEQRA) (ECL art 8), of the entire project except for a specific five-acre portion designated the "Mack Sales" site and its access road. The sparse record of the proceedings before the Town of Colonie demonstrates, however, that no wetlands were considered or even found to exist on the parcel. The negative declaration of the Town of Colonie Industrial Development Agency applied only to the "Mack Sales" site and did not apply to the complete 90-acre site. The board's determination that SEQRA required an assessment of environmental significance for the whole project is not arbitrary.

We have considered all other issues raised by petitioner and find them unpersuasive. There must be an affirmance.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Judgment affirmed, without costs.