*416 OPINION OF THE COURT
Jasen, J.
The central issue on this appeal is whether a town may regulate the use of wetlands which are not designated on the State Freshwater Wetlands map, without filing or promulgating a map identifying such local wetlands. This is the first occasion that this court has been asked to delineate the role of a local government under the Freshwater Wetlands Act. (Environmental Conservation Law [ECL], art 24.) The material facts are not in dispute, and only a brief recitation is necessary to illustrate the question thus presented.
In July, 1979, prior to taking title to the subject property, petitioner’s predecessors* applied to the respondent Planning Board of the Town of New Castle for a wetlands permit to construct a septic tank, system for the proposed residence. Following a public hearing, the permit was granted. In October, 1981, a second permit was sought to construct a tennis court. This time, however, the Town Conservation Board recommended denial and, following hearings before the Board, the latter denied the request finding that the construction of a tennis court on the premises and the anticipated resulting deterioration of the wetlands would be “in direct violation of the spirit, intent and purpose” of the local wetlands law.
Thereupon, petitioner’s predecessors commenced this article 78 proceeding. Special Term vacated the Board’s denial and directed reconsideration of the merits of the application. The court held that the respondents lacked statutory authority to implement a local wetlands law without first adopting and filing a local wetlands map. The Appellate Division unanimously reversed, finding that petitioner’s predecessors had actual notice that a portion of the subject property was regulated and, therefore, they suffered no prejudice from the town’s failure to file a local wetlands map. We now affirm for the reasons that follow.
The Freshwater Wetlands Act, enacted in 1975, establishes a comprehensive scheme for the regulation of fresh *417 water wetlands designed to strike a balance between preservation and protection on the one hand, and reasonable economic use and development on the other. (Spears v Berle, 48 NY2d 254, 261.) Under its provisions, the Commissioner of the State Department of Environmental Conservation became empowered to identify wetlands which were to be subjected to strict regulation. But the statutory provisions are not applicable to every wetland throughout the State. Rather, certain limitations are explicitly stated outside of which the statutory requirements are not imposed.
The statute defines “freshwater wetlands” as only those lands and waters “shown on the freshwater wetlands map” (ECL 24-0107, subd 1), and it defines the “freshwater wetlands map” as that “promulgated by the [Department [of Environmental Conservation] pursuant to section 24-0301”. (ECL 24-0107, subd 2.) In turn, the referenced section 24-0301 mandates that the Commissioner undertake a study for the purpose of preparing a tentative wetlands map (subd 2), and ultimately promulgating a final one (subd 5), identifying those wetlands which either have “an area of at least twelve and four-tenths acres or more” or, if smaller, have, in the discretion of the Commissioner, “unusual local importance” (subd 1; emphasis added). Consequently, only those lands or waters satisfying either the size or the importance criterion are shown on the State-prepared map and constitute “freshwater wetlands” within the meaning of the statute.
Once these wetlands have been identified and a final map prepared, promulgation is consummated by the Commissioner’s filing a copy of the promulgation order, “together with a copy of such map or relevant portion thereof * * * in the office of the clerk of each local government in which each such wetland or a portion thereof is located”. (ECL 24-0301, subd 5.) Upon the filing of this State-prepared wetlands map, a local municipality has the option of enacting and implementing its own regulations to govern the identified wetlands. (ECL 24-0501.) In pertinent part, the statute provides that: “On or after September 1, 1975, each local government may adopt, amend, and, upon the filing of the appropriate freshwater wetlands map, *418 implement a freshwater wetlands protection law or ordinance in accordance with this article to be applicable to all freshwater wetlands wholly or partially within its jurisdiction.” (ECL 24-0501, subd 1; emphasis added.) Thereby, the statute permits a local government to exercise jurisdiction over the State-mapped wetlands within its boundaries by adopting local protective legislation.
With regard to other wetlands, however, which do not qualify as a “freshwater wetland” under the statute, because they are neither large enough nor deemed to be unusually important and which, therefore, have not been identified by the Commissioner on the “freshwater wetlands map”, the statute reserves entire and exclusive jurisdiction in the local governments. Section 24-0507 provides, in part, that: “Except as provided in this article, jurisdiction over all areas which would qualify as freshwater wetlands except that they are not designated as such on the freshwater wetlands map pursuant to section 24-0301 of this article because they are less than twelve and four-tenths acres in size and are not of unusual local importance is reserved to the city, town or village in which they are wholly or partially located”. (Emphasis added.) Likewise, section 24-0509 reasserts the authority of local governments over non-State-mapped wetlands by emphasizing that: “No provision of this article shall be deemed to remove from any local government any authority pertaining to the regulation of freshwater wetlands under the county, general city, general municipal, municipal home rule, town, village, or any other law.”
These provisions make clear that any wetlands which are less than 12% acres and are not considered by the Commissioner to be of unusual local importance are indeed not “freshwater wetlands” within the purview of the statute and will not be identified on the requisite “freshwater wetlands map”. Such nonqualifying wetlands fall outside the mandates of the statutory scheme and are subject only to local regulations. (See Memorandum of State Department of Environmental Conservation, McKinney’s Session Laws of NY, 1977, pp 2394, 2395-2396; 1976 Opns Atty Gen 51.)
*419 In this case, a portion of petitioner’s property lies in the wetland in question. The record indicates that the wetland is only approximately five acres in size and has not been determined by the Commissioner to be unusually important. Accordingly, it does not constitute a “freshwater wetland” under the statutory definition, does not appear on the State-prepared map for the local area, and is not governed by the statutory requirements.
“[e]recting any building or structure * * *
“[a]ny form of pollution, including but not limited to installing a septic tank * * *
“[and] [a]ny other activity which substantially impairs any of the several functions served by wetlands, water bodies and water courses or the benefits derived therefrom”. (New Castle Town Code, § 137-3.)
It establishes procedures for applying for a permit and standards for granting one. The local law does not, however, require that the wetlands to which it applies be designated on a locally filed map and, in fact, no such map has been prepared.
Contrary to the petitioner’s contention, nothing in the State statutory scheme mandates the local preparation or filing of a map identifying the subject wetland. As previously outlined, the provisions of the statute are explicitly applicable only to the “freshwater wetlands” defined therein in terms of size or considered importance. The wetland which lies partly on petitioner’s property satisfies neither of those criteria and has not been included on the State-prepared “freshwater wetlands map” which has been *420 filed locally. In short, the wetland falls outside the mandates of the statute, including the requirement for designation on a wetlands map. It is true that a local government’s authority to regulate a statutorily qualifying wetland is subject to “the filing of the appropriate freshwater wetlands map”. (ECL 24-0501, subd 1.) But the clear language of the statutory provisions, especially those which give a restrictive meaning to “freshwater wetlands map” as one identifying only statutorily qualifying wetlands (ECL 24-107, subd 2) and which unequivocally reserve in the local governments exclusive jurisdiction over all other wetlands (ECL 24-507, 24-509), establishes that nonstatutorily qualifying wetlands are excluded from the mapping requirements of sections 24-0301, 24-0501 and elsewhere in the statute. Accordingly, inasmuch as the wetland in question does not qualify under the statutory scheme for designation on a “freshwater wetlands map”, it is subject to the exclusive authority of the local government which is not required, under either the State statute or the local law, to file a map identifying the wetlands regulated solely by local law.
Moreover, with regard to petitioner’s argument regarding the absence or inadequacy of notice that the subject property was subject to local regulations by reason of its not being identified on a wetlands map, it need only be noted that the factual finding of the Appellate Division, that petitioner’s predecessors had actual notice that the property was subject to local wetlands regulations, is supported in the record which shows that they expressly acknowledged the existence of wetlands on the property when they applied for the prior wetlands permit. In view of the foregoing, it need not be decided whether the notice requirements of due process would otherwise be satisfied.
Finally, the denial of the permit to construct a tennis court was rational and supported by evidence that the premises does contain a wetland and that the proposed construction would create further risk of erosion and deterioration than that already caused by the building allowed under the first permit. (Cf. Spears v Berle, 48 NY2d 254, 261, supra.)
*421 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jones, Wachtler, Meyer, Simons and Kaye concur; Chief Judge Cooke taking no part.
Order affirmed, with costs.

 The present party-petitioner is the successor in interest in the subject premises to the parties who originally instituted this article 78 proceeding. On an unopposed motion, the Appellate Division substituted Jane Drexler as the petitioner-respondent in that court and amended the caption of this proceeding accordingly.