■ In the Matter of JOHN A. VARGAS, Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent dated March 15, 1984, which, after a hearing, found petitioner in violation of the Alcoholic Beverage Control Law and assessed a penalty of suspension of petitioner's license for a period of 40 days, with 20 days to be forthwith and 20 days deferred, and a forfeiture of a $5,000 bond.

Petition granted, on the law, without costs or disbursements, to the extent of annulling the penalties imposed, determination otherwise confirmed and proceeding otherwise dismissed on the merits, and matter remitted to respondent to impose a new penalty.

This matter was transferred to this court pursuant to CPLR 7804 (g) for resolution of the question of whether there was substantial evidence to support the respondent's determination. The substantial evidence rule requires only that the determination of the authority be supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion (*Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 NY 65, 71; *Matter of Chipman Assoc. v New York State Liq. Auth.,* 47 AD2d 585). The testimony of respondent's investigator revealed that after discussing various prices for different brands of beer with her, the petitioner's salesman sold a case of beer to the investigator without ascertaining whether the investigator had a retail beer license. That sale constituted a violation of the petitioner's wholesale beer license. In addition, the investigator testified that she observed some customers carrying beer to their cars from the premises. This, too, constituted a violation of the Alcoholic Beverage Control Law since any beer sold by the petitioner is supposed to be delivered to the purchaser's premises for resale. As the record

clearly demonstrates the existence of substantial evidence to support the charges, the determination of the respondent agency must be upheld (*see, Matter of Avon Bar & Grill v O'Connell,* 301 NY 150; *Matter of Rubinoff v State Liq. Auth.,* 53 AD2d 943). Furthermore, we reject petitioner's claim that the hearing officer erred when he denied a request for an adjournment of the hearing.

The remaining question is whether the penalty, a 40-day suspension of petitioner's license (20 days forthwith and 20 days deferred) and $5,000 bond forfeiture is too severe. We are not empowered to disturb an administrative sanction unless it is so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187; *Matter of Pell v Board of Educ.,* 34 NY2d 222). In the case at bar, the penalty imposed by the respondent for the violations is shocking to one's sense of fairness. The record reveals that the petitioner was not on the premises at the time of the violations and that the sales were made by an inexperienced sales clerk. The record also shows that petitioner had operated his distributorship for approximately two years without having received as much as a warning from the respondent and that signs were posted on the premises advising customers that no retail sales of beer would be made. Moreover, the record shows that as soon as petitioner was informed of the acts in question he discharged the wrongdoing employee. Finally, petitioner testified that the on-site beer deliveries were made to valid retail licensees who had run short of beer and could not wait for deliveries to be made to their premises. Under the circumstances of this record, we hold that it was an abuse of discretion to impose said penalty. Accordingly, the penalty is annulled and the matter is remitted to the respondent for the fixing of an appropriate sanction (*see, Matter of Ahsaf v Nyquist,* 37 NY2d 182; *Matter of Pell v Board of Educ., supra*). Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.