■ In the Matter of ANTHONY TEPEDINO, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environmental Conservation, dated July 24, 1984, which assessed a penalty of $8,500 against the petitioner for violation of ECL 24-0703 and 27-0707, and directed the petitioner to submit a proposed remedial plan for removal of fill and revegetation of the freshwater wetland affected.

Determination confirmed and proceeding dismissed on the merits, with costs.

The petitioner consented to the making of an order, dated June 10, 1982, obligating him to pay a penalty in the amount of $2,500 to the Commissioner of Environmental Conservation for illegally placing fill into a freshwater wetland without a permit. The petitioner additionally agreed that he would complete a Department of Environmental Conservation application for permission to dump fill. The petitioner never completed this application; instead, in violation of the Department of Environmental Conservation directive, he continued to dump fill onto the wetland. There was evidence in the record that three trucks dumped fill illegally on April 11, 1983. On June 6, 1983, the Department of Environmental Conservation found a bulldozer leveling piles of fill that had already been dumped. These acts by the petitioner were in complete disregard of the order dated June 10, 1982.

The record of the hearing amply supported a finding that the petitioner had violated the Environmental Conservation Law. The petitioner did not present any testimony during the hearing or any reasons for continuing to dump fill in violation of the order made on his consent. Under such circumstance, where there has been no evidence on behalf of the petitioner to explain his acts, the evidence presented by the Department of Environmental Conservation was such as to support a finding of a violation on the part of the petitioner (see, Matter of Triple A Auto Driving School v Foschio, 65 NY2d 755, 756; Matter of Miller v Ravitch, 60 NY2d 527, 535). The assessment of an $8,500 penalty against the petitioner and the direction that he submit a proposed remedial plan for removal of the fill and the revegetation of the freshwater wetland affected was not excessive. There has not been a showing that

the penalty was so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Vargas v State of New York Liq. Auth.,* 111 AD2d 925). Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.