*152 OPINION OF THE COURT
Chief Judge Wachtler.
The issue in this article 78 proceeding is whether the respondent, Town Board of the Town of Yorktown, has the power to regulate development in freshwater wetlands that have been mapped by the State Department of Environmental Conservation (DEC) and that are subject to State regulatory jurisdiction. Because we conclude that the DEC has exclusive authority to regulate State-mapped freshwater wetlands under the Freshwater Wetlands Act (ECL art 24) unless a local government has expressly assumed jurisdiction over such wetlands, we find that Yorktown’s Local Law No. 5 of 1976, also known as the Wetlands and Drainage Law, is invalid to the extent it purports to regulate State-mapped freshwater wetlands.
Petitioner, Salvatore Ardizzone, is the owner of a 14.6-acre parcel located in the Town of Yorktown. Eleven acres of this parcel are located within the boundaries of a 19-acre State-mapped freshwater wetland area. Petitioner has plans to construct and operate a retail nursery on part of his property that is located within the wetland. In January of 1984, the petitioner applied to the Town Zoning Board for a special use permit. A public hearing was held in February, at which time the Zoning Board assumed the role of lead agency for the purposes of review under the State Environmental Quality Review Act (SEQRA) (ECL art 8). The Zoning Board asked the petitioner to prepare an environmental impact statement, and a draft statement was submitted at a meeting that April. Over the course of the next year, the Zoning Board met frequently to consider the petitioner’s proposal. The petitioner supplemented his draft environmental impact statement three times in response to concerns raised by the Zoning Board and in February of 1985, the petitioner submitted a final environmental impact statement to the Zoning Board.
On April 25, 1985, the Zoning Board granted petitioner the special use permit and additionally made specific findings in its capacity as SEQRA lead agency. The Zoning Board found that the project minimized or eliminated possible adverse environmental effects. In addition, the Zoning Board noted *153 that the petitioner had been willing to amend his plans to mitigate the possible adverse effects that had been identified over the course of the Zoning Board’s decision-making process.
In May of 1985, petitioner applied to the Town Board for a local wetlands permit as required by Yorktown’s Wetlands and Drainage Law. A single hearing was held that December to consider the petitioner’s proposal. In the interim, the DEC completed its review of petitioner’s proposal and awarded petitioner a State wetlands permit. In May of 1986, however, the Town Board denied petitioner’s application for a Town wetlands permit. This article 78 proceeding ensued. Supreme Court, Westchester County, sustained the Town Board’s determination and denied the petition, and the Appellate Division affirmed. For the following reasons, we reverse.
Petitioner argues in part that the Town Board was without jurisdiction to regulate petitioner’s plans to develop his property because State regulation of freshwater wetlands preempts local regulation. The Freshwater Wetlands Act (Act) and the regulations promulgated thereunder represent a comprehensive approach to the regulation of freshwater wetlands in the State of New York (see, Matter of Drexler v Town of New Castle, 62 NY2d 413, 416-417). The Act authorizes the Commissioner of Environmental Conservation (Commissioner) to study and map individual freshwater wetlands that have an area of at least 12.4 acres or are, in the opinion of the Commissioner, of "unusual local importance” (ECL 24-0301 [1]). Persons planning to conduct certain regulated activities on State-mapped wetlands are required to obtain a wetlands permit from the DEC (see, ECL 24-0701 — 24-0705). The freshwater wetlands located on the petitioner’s property had been classified according to this process and petitioner was therefore obligated to seek a State wetlands permit, which he did in fact obtain. By contrast, ECL 24-0507 expressly provides that all freshwater wetlands that are smaller than 12.4 acres in area and that have not been deemed to be of unusual importance are subject to the exclusive jurisdiction of the localities in which such wetlands are located.
In its statement of findings, the Legislature noted that "[t]he natural systems affecting freshwater wetlands overlap many localities * * * effective freshwater wetlands management requires uniformity in laws to eliminate inconsistent or conflicting local laws” (ECL 24-0105 [5]). Yet the Act recognizes that some localities may prefer to enact their own *154 legislation regulating development within freshwater wetlands. To that end, ECL 24-0501 allows a local government to implement a freshwater wetlands protection law, to be applicable to all freshwater wetlands located entirely or partially within the local government’s jurisdiction, provided that such law is "no * * * less protective of freshwater wetlands or effectiveness of administrative and judicial review, than the procedures set forth in this article” (ECL 24-0501 [2]). Within 30 days of the adoption of a local wetlands protection law, the local government must notify the Department, "under such terms and conditions as the [Department may prescribe, together with its technical and administrative capacity to administer the act” (ECL 24-0501 [4]). Failure of a town, city or village to give the requisite notice will cause jurisdiction over the regulation of freshwater wetlands to shift to the county, if it has validly assumed jurisdiction over wetlands regulation, and to the DEC, if the county has not assumed jurisdiction (id.; see also, ECL 24-0503).
The regulations implementing this section describe more specifically the procedure that a local government must follow in order to assume regulatory authority over freshwater wetlands and establish standards for local government performance (see, 6 NYCRR 665.1). A local government seeking to assume regulatory authority must forward a copy of the local legislation to the Commissioner, who will review it for compliance with the Act (6 NYCRR 665.4 [e]). At the same time, the chief executive officer of the locality must attest to the local government’s technical and administrative ability to administer the Act in accordance with applicable standards (6 NYCRR 665.4 [h]). The Commissioner must make a determination that the local government is capable of administering the Act and must certify that the local law is in compliance with the Act before the Commissioner will permit a local government to exercise regulatory jurisdiction over the freshwater wetlands within its boundaries. The regulations provide explicitly that a local government may not assume jurisdiction over freshwater wetlands until the Commissioner has made these two separate determinations (6 NYCRR 665.4 [j]). Authority for the regulation of freshwater wetlands remains with the Department, or with the next level of local government that has assumed regulatory authority in this manner, until the Commissioner has actually notified the locality of its certification (id.).
It is uncontested here that the respondent Town Board did *155 not comply with these statutory and regulatory requirements for the assumption of local jurisdiction over the regulation of freshwater wetlands. It is also uncontested that the DEC has exercised its jurisdiction over the petitioner’s application and has in fact granted petitioner a State wetlands permit. Respondent argues, however, that despite its failure to assume jurisdiction in compliance with the Act and its regulations, it nonetheless has the power to regulate the freshwater wetlands within its boundaries under the Municipal Home Rule Law (see, Municipal Home Rule Law, art 2, § 10). According to respondent, the Freshwater Wetlands Act was designed to set minimum standards for the protection of wetlands and was not intended to preempt a local government’s power to enact laws that give greater protection to its freshwater wetlands.
While local governments have broad authority to enact laws that relate to the welfare of their citizens, local governments cannot exercise their police powers by adopting laws that are inconsistent with the Constitution or with any general law of the State (NY Const, art IX, § 2 [c]; see also, Kamhi v Town of Yorktown, 74 NY2d 423; Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372; Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 96; People v De Jesus, 54 NY2d 465, 468). A local law is inconsistent with State law if the State has demonstrated an intent to preempt an entire field and thereby preclude any further local regulation (see, Albany Area Bldrs. Assn. v Town of Guilderland, supra, at 377; Jancyn Mfg. Corp. v County of Suffolk, supra, at 97; Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 105; Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679, 683). An intent to preempt need not be express; such an intent can be implied from the fact that the Legislature has enacted a comprehensive and detailed regulatory scheme in a certain area (see, Consolidated Edison Co. v Town of Red Hook, supra, at 105; People v De Jesus, supra, at 469).
The Freshwater Wetlands Act is not preemptive in the sense that it was intended to prevent local governments from exercising any authority over State-mapped freshwater wetlands. Instead, the Act, with its emphasis on uniformity of wetlands regulation, establishes a scheme that contemplates that either the State or the local government, but not both, will exercise jurisdiction over the State-mapped freshwater wetlands located within the boundaries of a given locality. This reading of the Act is reinforced by the language of ECL 24-0703, which outlines the requirements for the submission *156 and consideration of permit applications. This section provides that any person who proposes to conduct a regulated activity within a State-mapped freshwater wetland must apply for a permit from the clerk of the local government having jurisdiction or from the DEC and that "[r]eview of the application shall be made by the local government or the commissioner, as the case may be, in accordance with applicable law and such rules hereunder as may be adopted by the commissioner” (ECL 24-0703 [1] [emphasis added]).
We cannot believe that the Legislature’s clearly expressed concern with uniformity of wetlands regulation and its carefully crafted provision for the assumption of local jurisdiction are in effect nullities, and that the Town can regulate development in State-mapped freshwater wetlands despite its utter failure to comply with the Act and regulations. Thus, we conclude that the Freshwater Wetlands Act does not allow for independent regulation of freshwater wetlands by a local government that has not validly assumed regulatory jurisdiction over such wetlands. Where the State exercises regulatory authority over the freshwater wetlands in a particular area, it has in essence preempted parallel local authority until the local government has undergone the certification process and assumed jurisdiction.
In light of our reading of the Act, we reject respondent’s argument that section 24-0509 of the Act permits local governments that have not otherwise assumed jurisdiction to enact local laws designed specifically to regulate development in State-mapped wetlands. This section states that "[n]o provision of this article shall be deemed to remove from any local government any authority pertaining to the regulation of freshwater wetlands under the county, general city, general municipal, municipal home rule, town, village, or any other law.” The respondent contends that the use of the broad term "freshwater wetlands” in this section indicates the Legislature’s intent to preserve the power of local governments to regulate development in all such wetlands, regardless of whether they have been mapped by the State. We disagree. In Matter of Drexler v Town of New Castle (supra, at 418), we held that this section simply reasserted the authority of local governments over non-State-mapped wetlands. We do not find in the language of this section any indication that the Legislature intended to provide for concurrent State and local jurisdiction over all freshwater wetlands.
*157 In conclusion, we note that our holding today is consistent with the principle of statutory construction that a court should not find that the Legislature intended two separate agencies to exercise concurrent jurisdiction unless no other reading of the statute is possible (see, Long Is. Coll. Hosp. v Catherwood, 23 NY2d 20, 36).
Because we find that the Town Board was without jurisdiction to consider the petitioner’s wetlands application, there is no need for us to determine whether the Board acted arbitrarily or capriciously in this matter. Accordingly, the order of the Appellate Division should be reversed, with costs, and the determination of the Town Board denying petitioner’s application for a wetlands permit annulled.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.