■ DANIEL SCIFO, Petitioner, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated March 29, 1988, which, after a hearing, (1) assessed a civil penalty of $3,000 against the petitioner, (2) directed him, *inter alia,* to remove all improvements that are located on that portion of his land that has been designated as a wetland by the respondent, and to submit to the respondent a restoration plan for that portion of his property that has been designated a wetland by the respondent.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of (1) annulling the civil penalty of $3,000, and (2) limiting the applicability of the third decretal paragraph of the respondent's determination which directs the petitioner to submit a restoration plan to those portions of the petitioner's property that are not used for agricultural purposes; the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, without costs or disbursements, and the matter is remitted to the respondent for the imposition of a new civil penalty not to exceed $1,000 and for further proceedings in accordance herewith.

Where property has been declared a freshwater wetland under the Freshwater Wetlands Act *(see,* ECL 24-0101 *et seq.),*

an owner must obtain a permit from the New York State Department of Environmental Conservation before conducting or performing a regulated activity on the property (ECL 24-0701, 24-0703). Regulated activities include "draining, dredging, excavation, removal of soil * * * and any form of dumping, filling [or] erecting [of] any structures" (ECL 24-0701 [2]). The statute authorizes the Commissioner of the New York State Department of Environmental Conservation (hereinafter the Commissioner) to impose civil monetary penalties for an owner's failure to obtain a permit. Also, the Commissioner may direct an owner who conducts or performs a regulated activity without a permit to restore the property to the condition that it was in prior to the unauthorized activity (ECL 71-2303; *see generally, Matter of Ardizzone v Elliot*, 75 NY2d 150).

However, when an owner uses land for agricultural purposes, the permit requirements of the Freshwater Wetlands Act generally do not apply (ECL 24-0701 [4]).

In the instant proceeding, the petitioner challenges the Commissioner's determination that the petitioner, without a permit, stripped vegetation and erected certain improvements on portions of his property that had been declared a freshwater wetland. In the determination under review, the Commissioner, *inter alia*, directed the petitioner to submit a plan for the restoration of his property. Additionally, the Commissioner imposed a $3,000 civil penalty.

After taking a contrary position at the administrative hearing with respect to this matter and in the papers submitted to this court, the attorney for the Commissioner, during oral argument, conceded that the petitioner was using a portion of his property for agricultural purposes. The petitioner was not under a statutory duty to obtain a permit prior to such use. We further note that at the administrative hearing, the Commissioner was informed that the petitioner was using his property for agricultural purposes. Hence, the Commissioner's contention that the petitioner waived the application of the statutory exemption for agricultural use is without merit *(see,* State Administrative Procedure Act § 301 [4]). Accordingly, that portion of the determination which directed the petitioner to submit a plan for the restoration of wetlands on his property should only apply to that portion of the petitioner's property not used for agricultural purposes.

Under the facts of this case, and particularly in view of the Commissioner's belated concession that the petitioner was using a portion of his property for agricultural purposes, the

$3,000 penalty is patently disproportionate to the offense alleged *(see, Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874, 876; see also, Matter of Pell v Board of Educ., 34 NY2d 222, 233)*. Accordingly, the matter is remitted to the Commissioner for the imposition of a new penalty not to exceed $1,000. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.