■ In the Matter of WILLIAM R. SLEMP et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent Commissioner of Environmental Conservation which, *inter alia,* found that petitioners had conducted filling activities without having obtained a freshwater wetlands permit.

Petitioners are the owners of a 75-acre parcel of real property located in the Town of Claverack, Columbia County. As part of a plan made by petitioners in early 1986 to construct a residence on their property, they proposed to improve an existing farm road for use as a driveway. Such improvement required the crossing of a stream, known as Mud Creek, which petitioners learned was included within a freshwater wetlands area designated ST-31. Accordingly, petitioners requested and obtained from respondent Department of Environmental Conservation (hereinafter DEC) a wetland boundary delineation on their property *(see,* ECL 24-0301 [7]). According to the DEC Senior Wildlife Biologist who performed the actual delineation, the wetland area on petitioners' property was "grossly mismapped" and required correction of the official map.

In July 1987, petitioner William R. Slemp visited the site of the proposed creek crossing with DEC Senior Wildlife Biologist Maynard Vance, who determined that a culvert and approximately 40 feet of fill in the wetland and adjacent area[*] would be required to complete the crossing. Vance also indicated that a survey of the area and a proposed mitigation plan for the wetland area lost would be necessary as part of petitioners' permit application.

In September 1987, petitioners submitted to DEC an appli-

---

[*] "Adjacent area" is defined as one within 100 feet of the boundary of a wetland *(see,* 6 NYCRR 663.2 [b]).

cation for a permit to commence improvement of the farm road, including installation of the culvert necessary to cross Mud Creek. Thereafter, DEC sent petitioners a "notice of incomplete application" requesting additional information and advising petitioners to have the delineated wetland area surveyed. Petitioners apparently complied only partially with DEC's requests and were again notified in late November 1987 that their application remained incomplete.

Subsequently, petitioners amended their permit application by proposing, in place of a culvert, the construction of a bridge over Mud Creek. In June 1988, petitioners received a "notice of complete application" from DEC. The notice, however, expressly provided that it was not a permit, and the accompanying letter stated that no work would be authorized without the submission and approval of a mitigation plan addressing the restoration of lost wetland and adjacent area benefits which would result from the project.

At or about the same time, DEC had commenced the remapping of wetland area ST-31. During that process, Slemp allegedly spoke with two DEC employees unconnected with his permit application who indicated that it appeared as though a freshwater wetlands permit was not needed for construction of the bridge and that petitioners' property was not included in the remapped wetland area. According to petitioners, a third DEC employee also orally advised their engineer that they could install the two culverts necessary to accomplish the crossing. Petitioners then proceeded to construct the crossing without a permit.

In May 1989, DEC became aware of petitioners' construction and initiated charges against them alleging that their failure to obtain a permit constituted a violation of ECL 24-0701 (1). Following a hearing, an Administrative Law Judge (hereinafter ALJ) found, *inter alia,* that petitioners had violated ECL 24-0701 by installing the two culverts and depositing fill in a freshwater wetland. Respondent Commissioner of Environmental Conservation adopted the ALJ's findings and conclusions and imposed the maximum penalty of $3,000 *(see,* ECL 71-2303 [1]), $1,500 of which was suspended conditional upon petitioners' submission of an acceptable mitigation plan within 60 days. Petitioners then commenced the instant CPLR article 78 proceeding seeking to annul the Commissioner's determination. The proceeding was duly transferred to this court.

Petitioners' primary ground for annulment is that there was not substantial evidence to support the determination

that the creek crossing site remained within freshwater wetland ST-31 as remapped. We disagree. The uncontradicted hearing testimony of Vance established that, while the amendment of the freshwater wetland ST-31 boundaries had the effect of eliminating approximately 16.5 acres of regulated wetlands on petitioners' property and reducing the width of the wetland in the vicinity of the crossing site from approximately 200 to 300 feet to 50 feet, the area in which petitioners' actual construction occurred remained a freshwater wetland. This testimony, together with the map sent to petitioners depicting the proposed wetland boundary amendments and the accompanying narrative description, provided ample support for the determination that Mud Creek proper and, hence, the crossing site itself were not included within the area to be deleted from freshwater wetland ST-31 as the result of DEC's remapping.

We reject petitioners' contentions that the quality of the map received by them and the oral statements made by DEC personnel warrant a contrary conclusion. Despite petitioners' assertion that both the map and the narrative description were confusing, they admittedly never measured to verify the wetland boundaries with respect to the narrative description. Moreover, the oral statements apparently relied upon by petitioners do not constitute valid proof that the creek crossing site was to be deleted on the amended map. Two of the statements were merely expressions of opinion by those not acting in an official capacity and, notwithstanding petitioners' pending permit application, they sought no written confirmation from DEC that the area of the crossing site had been eliminated from the regulated wetlands during the remapping process (see, ECL 24-0703 [5]; Matter of Tri Cities Indus. Park v Commissioner of Dept. of Envtl. Conservation, 76 AD2d 232, 235, lv denied 51 NY2d 706) or that they were authorized to proceed with installation of the culverts without a permit.

Finally, we disagree with petitioners that the maximum penalty of $3,000 was "so disproportionate to the offense as to shock one's sense of fairness" (Matter of Tepedino v New York State Dept. of Envtl. Conservation, 119 AD2d 581, 582).

Mahoney, P. J., Weiss and Mercure, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.