[615 NYS2d 484]

In the Matter of D.B.S. REALTY, INC., Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.

Third Department, August 4, 1994

APPEARANCES OF COUNSEL

*David M. Schwartz,* New York City, and *Walsh, Wicks & Salisbury,* Red Hook, for appellant.

*G. Oliver Koppell, Attorney-General,* Albany *(Kathleen Liston Morrison, Peter H. Schiff, Douglas H. Ward* and *Helene G. Goldberger* of counsel), for respondents.

**OPINION OF THE COURT**

CARDONA, P. J.

The primary issue in this CPLR article 78 proceeding is whether the issuance by respondent State Department of Environmental Conservation (hereinafter DEC) of a negative declaration to a landowner's inquiry concerning the wetland status of its property, prior to the promulgation of a final wetlands map, constitutes a complete defense under the Freshwater Wetlands Act (ECL art 24 [hereinafter the Act]) to subsequent regulatory action.

In May 1986 petitioner acquired a 68-acre tract of land in the Town of Red Hook, Dutchess County, for development purposes. At that time, a portion of the property was included on a tentative freshwater wetlands map for Dutchess County. As a result, petitioner requested confirmation from DEC whether any portion of the land was a wetland subject to DEC regulation. DEC responded by letter dated May 8, 1987 indicating that the wetland designated on the tentative 1985 wetlands map as CM-24 was smaller than 12.4 acres *(see,* ECL 24-0301 [1]) and, therefore, not subject to DEC regulation. On July 15, 1987, DEC promulgated a final Dutchess County wetlands map which excluded petitioner's land. DEC confirmed that CM-24 was removed from the wetlands map by letter dated January 23, 1989. Thereafter, petitioner proceeded to develop a 19-lot residential subdivision plan which was eventually approved by the Red Hook Town Planning Board.

By letter dated January 29, 1991, DEC issued a notice to landowners, including petitioner, notifying them that it filed the freshwater wetlands map for Dutchess County pursuant to the Act. The notice indicated that several inaccuracies were identified and that their properties might be affected by the proposed amendments. On two occasions in February 1991, petitioner requested a freshwater wetland determination/delineation from DEC concerning CM-24, which included portions of lot Nos. 1 and 19 of petitioner's planned subdivision. DEC conducted a field inspection on each request. Thereafter, by letter dated May 30, 1991, DEC, *inter alia,* invited petitioner to apply for permits to develop lot Nos. 1 and 19 pursuant to ECL article 24; however, petitioner did not apply. By letter dated June 20, 1991, DEC advised petitioner pursuant to 6 NYCRR 664.7 (a) (2) (i)[1] not to initiate any regulated activities on lot Nos. 1 and 19 or it would face enforcement action.

Petitioner commenced this CPLR article 78 proceeding, in the nature of mandamus to compel, primarily seeking to enjoin respondents from interfering with the further development and improvement of its property or remapping any of its property as wetlands, and to compel them to honor the May 8, 1987 "no wetlands letter". Respondents moved to dismiss the petition for failure to state a cause of action. Supreme Court granted respondents' motion to dismiss the petition and denied petitioner's cross motions to dismiss respondents' affirmative defenses and for summary judgment. Petitioner appeals.

Petitioner argues that the May 8, 1987 letter affords it a "complete defense" under ECL 24-0703 (5)[2] to DEC regulation of the affected parcels under the Act and seeks to compel DEC

---

1. 6 NYCRR 664.7 (a) (2) (i) reads, in pertinent part, as follows: "Once the announcement of a proposed amendment has been made, no activity subject to regulation pursuant to the act shall be initiated within the area that is the subject of the proposal until the commissioner has either amended the map or denied the amendment."

2. ECL 24-0703 (5) provides, in pertinent part, that: "Prior to the promulgation of the final freshwater wetlands map in a particular area and the implementation of a freshwater wetlands protection law or ordinance, no person shall conduct, or cause to be conducted, any activity for which a permit is required * * *. Any person may inquire of the department as to whether or not a given parcel of land will be designated a freshwater wetland subject to regulation. The department shall give a definite answer in writing within thirty days of such request as to whether such parcel will or will not be so designated. * * * [A]n answer in the negative shall be a complete defense to the enforcement of this article as to such parcel of land."

to follow its alleged statutory duty under ECL 24-0703 (5) to refrain from regulating the affected parcels *(see, Matter of Waterside Assocs. v New York State Dept. of Envtl. Conservation,* 127 AD2d 663, 665, *affd* 72 NY2d 1009). Respondents counter that ECL 24-0703 (5) applies only to activities undertaken *prior* to the promulgation of the final wetlands map and that petitioner's complete defense under ECL 24-0703 (5) expired on July 15, 1987, the date the final map was promulgated.

Initially, we note that the Act was promulgated to "preserve, protect and conserve this State's freshwater wetlands through regulation of their use and development (ECL 24-0103)" *(Matter of Flacke v Freshwater Wetlands Appeals Bd.,* 53 NY2d 537, 539). The Act and the regulations promulgated thereunder represent a comprehensive approach to the regulation of freshwater wetlands in the State of New York *(see, Matter of Drexler v Town of New Castle,* 62 NY2d 413, 416-417). Respondent Commissioner of Environmental Conservation is authorized to "study and map individual freshwater wetlands that have an area of at least 12.4 acres or are, in the opinion of the Commissioner, of 'unusual local importance' (ECL 24-0301 [1])" *(Matter of Ardizzone v Elliott,* 75 NY2d 150, 153). "Once property has been identified as a freshwater wetland covered by the [A]ct, virtually all forms of development are prohibited without first obtaining a permit from [DEC]" *(Matter of Flacke v Freshwater Wetlands Appeals Bd., supra,* at 539). Violations of the Act are enforced through the imposition of civil penalties assessed administratively, criminal sanctions, and cease and desist orders *(see,* ECL 71-2301, 71-2303).

The clear import of ECL 24-0703 (5) is to subject wetlands, whether mapped or unmapped, to DEC regulation through the issuance of interim permits pending completion of the mapping process *(see,* Weinberg, Practice Commentary, McKinney's Cons Laws of NY, Book 17½, ECL 24-0703, at 489). However, consistent with the over-all scheme of the Act to strike a balance between preservation and protection of wetlands with their reasonable economic use and development *(see, Matter of Drexler v Town of New Castle,* 62 NY2d 413, 416-417, *supra),* the Legislature provided a mechanism in ECL 24-0703 (5) for any person who is unsure of the status of a particular parcel to make a written inquiry to DEC. The statute mandates that DEC must respond, in writing, within 30 days *(see,* ECL 24-0703 [5]; *Matter of Wedinger v Goldberger,*

71 NY2d 428, 436, *cert denied* 488 US 850), confirming whether the parcel of land "will be designated a freshwater wetland subject to regulation" and extends to persons relying on "an answer in the negative * * * a complete defense to the enforcement of this article as to such parcel of land" (ECL 24-0703 [5]). The complete defense language signals the Legislature's intent to provide interim relief from the potentially unjust imposition of enforcement penalties on persons who conduct regulated activity on wetlands in reliance on negative declarations from DEC *(cf., Matter of Slemp v New York State Dept. of Envtl. Conservation,* 176 AD2d 1122) before the mapping process has been completed.

Once the final wetlands map for a particular area has been promulgated, however, a parcel's status as a freshwater wetland is determined by its inclusion on the map *(see,* ECL 24-0107 [1]), which may be amended at any time (ECL 24-0301 [6]). Thus, reliance on an interim DEC confirmation is no longer reasonable. From this point forward, logic "consistent with the general legislative scheme for the protection of this State's vital freshwater wetlands" *(Matter of Flacke v Freshwater Wetlands Appeals Bd., supra,* at 541) dictates that persons desiring to conduct regulated activities on a freshwater wetland without a DEC permit do so at their peril. Therefore, we agree with respondents' position that ECL 24-0703 (5) applies only to activities undertaken prior to the promulgation of the final wetlands map. Accordingly, we hold that the protection from enforcement liability afforded petitioner under the "no wetlands letter" expired on July 15, 1987, the date the final wetlands map was promulgated.

Once the final wetlands map was promulgated, petitioner, like all other landowners, became subject to the same risk that the final wetlands map might be amended as authorized by ECL 24-0301 (6) to include the property as wetlands regulated by the statute. Any other interpretation would render meaningless DEC's recognized statutory power, in order to reflect actual conditions, to amend a final map "to correct any deficiencies and to effect any additions, deletions or technical changes on the map" *(Matter of Wedinger v Goldberger,* 71 NY2d 428, 436, *supra).* Therefore, we likewise reject petitioner's interpretation of ECL 24-0703 (5) that a negative declaration regarding the status of a landowner's property received prior to final map promulgation forecloses DEC from adding that land to the final wetlands map.

Petitioner's contention that it has a vested right to develop

the wetlands based upon its initiated activity is not supported by a showing in the record that specific activity occurred *within the proposed wetland areas,* i.e., lot Nos. 1 and 19, prior to the January 29, 1991 amendment announcement *(see,* 6 NYCRR 664.7 [a] [2] [i]).

Petitioner's claim premised upon a common-law vested right to develop lot Nos. 1 and 19 free of DEC's regulation *(see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114) was properly dismissed by Supreme Court on the record before it because the claim was "predicated solely on conclusory statements unsupported by factual allegations" *(Sterritt v Heins Equip. Co.,* 114 AD2d 616, 617). We cannot consider factual allegations in petitioner's brief that are not included in the record on appeal *(see, Matter of Puff v Jorling,* 188 AD2d 977, 981; *Chimarios v Duhl,* 152 AD2d 508, 508-509).

We have considered the parties' other contentions and find that they lack merit.

CREW III, CASEY, WEISS and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.