■ In the Matter of PETER HARRISON et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [733 NYS2d 85] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Environmental Conservation, dated February 28, 2000, which, after a hearing, adopted the recommendation of an Administrative Law Judge and denied the petitioners' request for a permit to construct a bulkhead and to fill in a tidal wetland area located on their property without prejudice to making a new application for a modified project.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

To annul an administrative determination made after a hearing, the Supreme Court must be satisfied, after reviewing the record as a whole, that the record lacks substantial evidence to support the determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). Here, the petitioners' proposed building of a bulkhead and filling in of tidal wetland shoals and mud flats is presumptively incompatible with the stated purpose of the Tidal Wetlands Act to preserve, protect, and enhance the present and potential value of the tidal wetlands (*see,* 6 NYCRR 661.1, 661.2 [d], [*l*]; 661.5 [a] [3], [b]).

In view of, among other things, the expert testimony that the tidal wetland area was biologically functioning and productive, albeit not highly productive, and in light of the petitioners' admitted intention to destroy the wetland by filling in the area behind the proposed bulkhead with sand in order to expand their yard to permit the cultivation of a vegetable garden, the petitioners failed to sustain their burden of overcoming the presumption of incompatibility and of demonstrating that the proposed activity would be compatible with the preservation, protection, and enhancement of the particular wetland area involved (*see,* 6 NYCRR 661.9 [b] [1] [v]). Reviewing the record as a whole, there is substantial evidence

to support the Department of Environmental Conservation's denial of the application (*see, Matter of Lahey v Kelly, supra*).

The petitioners' remaining contentions are without merit. Santucci, J. P., Altman, Townes and Crane, JJ., concur.