■ CELLCO PARTNERSHIP, Doing Business as VERIZON WIRELESS, Respondent, v COUNTY OF OTSEGO, Respondent, and NEW YORK STATE POLICE, Appellant. [744 NYS2d 571] —Crew III, J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered January 14, 2002 in Otsego County, which, inter alia, granted defendant County of Otsego's cross motion for summary judgment and made a declaration in its favor.

In the late 1980s, defendant New York State Police (hereinafter defendant) began preparations for receipt of emergency 911 calls from wireless telephone users throughout the state. To that end, defendant entered into agreements with cellular service providers directing that wireless 911 calls be routed to public service answering points (hereinafter PSAPs) operated by defendant. In June 1987, defendant entered into such an agreement with NYNEX, plaintiff's predecessor.

In 1991, the Legislature enacted County Law § 309 which, inter alia, imposed a surcharge on all cellular telephone service in the state and directed that the revenues generated be utilized by defendant in the state-wide operation of a cellular emergency telecommunications system (*see*, County Law § 309 [3]). Then, in 1999, defendant County of Otsego (herein-

after the County) enacted Local Law No. 2 (1999) of the County of Otsego (hereinafter Local Law No. 2), which required cellular service providers in the county to direct all 911 calls to the county's PSAP and, further, provided that any person in violation of Local Law No. 2 shall be guilty of a misdemeanor.

As a consequence, plaintiff commenced this declaratory judgment action seeking a declaration as to the proper routing of wireless 911 calls in the county. Defendant moved for summary judgment on the ground that Local Law No. 2 was invalid because the Legislature preempted the field with enactment of County Law § 309. The County cross-moved for summary judgment on the ground that Local Law No. 2 was validly enacted pursuant to the Municipal Home Rule Law. Supreme Court denied defendant's motion and granted the County's cross motion declaring Local Law No. 2 valid and directing plaintiff to comply therewith. Defendant now appeals.*

During the pendency of this appeal, the Legislature enacted and the Governor signed into law legislation that amends the County Law by providing a comprehensive scheme for the routing of wireless 911 calls throughout the state (see, County Law art 6-A). Specifically, the legislation provides, inter alia, that a county may elect to designate a local PSAP to receive all wireless 911 calls from wireless service providers that own, operate or control wireless telecommunication facilities located within such county, provided the county complies with certain specified requirements (see, County Law § 330 [1] [b]). In short, the enactment of County Law article 6-A preempts the field with respect to the routing of wireless 911 calls and renders Local Law No. 2 invalid (see, Matter of Ardizzone v Elliott, 75 NY2d 150, 155).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant New York State Police's motion for summary judgment and granted defendant County of Otsego's cross motion for summary judgment and made a declaration in its favor; cross motion denied, motion granted and it is declared that Local Law No. 2 (1999) of the County of Otsego is invalid; and, as so modified, affirmed.

---

* This Court granted a motion by defendant for a stay pending this appeal and a motion by the New York State Sheriff's Association Inc. for permission to file a brief amicus curiae.