In the Matter of SAMUEL B. PLETENIK, Respondent, v TOWN OF BROOKHAVEN et al., Appellants. [895 NYS2d 186]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Brookhaven dated August 28, 2007, which, after a hearing, denied the petitioner's application for a wetlands permit, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 2, 2008, which granted the petition, annulled the determination, and directed the Town Board of the Town of Brookhaven to issue the requested permit.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner sought to build a residence on an 8,000-square-foot parcel of real property (hereinafter the subject property) located in the Town of Brookhaven. The petitioner applied to local authorities for a wetlands permit, including in his application a letter from the New York State Department of Environmental Conservation (hereinafter the DEC), which indicated that the subject property was "greater than 100 feet from regulated freshwater wetlands and therefore, beyond the jurisdiction of [the Freshwater Wetlands Act]."

After two public hearings, the Town Board of the Town of Brookhaven (hereinafter the Town Board) denied the petitioner's application for a wetlands permit. The petitioner commenced this proceeding pursuant to CPLR article 78, contending that the Town Board erred in determining that the subject property was freshwater wetlands in light of the non-jurisdiction letter from the DEC, and that the determination to deny his application was irrational. Accepting these arguments, the

Supreme Court granted the petition, annulled the Town Board's determination, and directed the Town Board to issue the requested permit. We reverse.

Under the provisions of the Freshwater Wetlands Act, "the Commissioner of the State Department of Environmental Conservation became empowered to identify wetlands which were to be subjected to strict regulation" (*Matter of Drexler v Town of New Castle*, 62 NY2d 413, 417 [1984]). The Freshwater Wetlands Act defines "freshwater wetlands" as lands and waters exhibiting certain characteristics which are "shown on the freshwater wetlands map [promulgated pursuant to ECL 24-0301]" (ECL 24-0107 [1]).

ECL 24-0301 requires the Commissioner of the State Department of Environmental Conservation "to identify and map those individual freshwater wetlands in the State of New York which shall have an area of at least twelve and four-tenths acres or more" (ECL 24-0301 [1]). Wetlands that are "less than twelve and four-tenths acres" may be included on the wetland map if it is determined that those lands have "unusual local importance" (ECL 24-0301 [1]). Cities, towns, and villages are specifically authorized to regulate "all areas which would qualify as freshwater wetlands except that they are not designated as such on the freshwater wetlands map pursuant to [ECL 24-0301] because they are less than twelve and four-tenths acres in size and are not of unusual local importance" (ECL 24-0507; *see Matter of Drexler v Town of New Castle*, 62 NY2d at 416-417; *see also* Ginsberg and Weinberg, Environmental Law and Regulation in New York § 11.10, at 439 [9A West's NY Prac Series 2009]).

The Town Code of the Town of Brookhaven (hereinafter the Town Code) prohibited the erection of any building or structure within freshwater wetlands without a permit (*see* Town Code § 81-4 [A], [B]). The Town Code defined freshwater wetlands to include "[l]ands and submerged lands, commonly called marshes, swamps, sloughs, bogs, flats, streambanks, riverine systems, and the like, supporting [certain enumerated] aquatic or semiaquatic vegetation" (Town Code § 81-3). The definition of freshwater wetlands contained in the Town Code applied to "[t]he lands and waters in the Town of Brookhaven . . . including but not limited to those lands and waters as shown on the Freshwater Wetlands Map prepared . . . pursuant to [ECL 24-0301]" (*id.*).

The evidence in the record demonstrated that the subject property was of the kind "commonly called marshes, swamps, [or] bogs" and that it "support[ed] aquatic or semiaquatic vegetation of the [enumerated] vegetative types" (*id.*). Thus, con-

trary to the Supreme Court's determination, the facts necessary to establish the Town Board's jurisdiction affirmatively appear in the record (*see Matter of Greller v Shandell B.*, 157 AD2d 840, 841 [1990]; *cf. Matter of Poster v Strough*, 299 AD2d 127, 138-139 [2002]; *Elmira Socy. for Prevention of Cruelty to Animals v Town Bd. of Town of Big Flats*, 58 AD2d 691, 692 [1977]), and it was unnecessary to establish that the subject property was designated as freshwater wetlands on a map promulgated pursuant to ECL 24-0301 or that it was otherwise regulated by the DEC (*see* ECL 24-0507, 24-0509; *Matter of Drexler v Town of New Castle*, 62 NY2d at 416-417).

Furthermore, the Supreme Court erred in concluding that the Town Board's determination denying the petitioner's application was irrational. The record demonstrates that the petitioner failed to establish that the proposed activity was in accordance with the policies and provisions of chapter 81 of the Town Code (*see* Town Code § 81-6 [B]; *accord Spears v Berle*, 48 NY2d 254, 261 [1979]; *Matter of Ardmar Realty Co. v Zoning Bd. of Appeals of Vil. of Tuckahoe*, 297 AD2d 733, 734 [2002]; *Matter of Harrison v New York State Dept. of Envtl. Conservation*, 288 AD2d 220, 220 [2001]; *Matter of Schadow v Wilson*, 191 AD2d 53, 57 [1993]; *cf. Matter of Moy v Board of Town Trustees of Town of Southold*, 61 AD3d 763, 765 [2009]). Moreover, "the evidence presented at the public hearings was sufficient to support the [Town] [B]oard's [findings for denial], and the record does not indicate that the [Town Board's determination] was in any way arbitrary, unreasonable or irrational" (*Matter of Marasco v Luney*, 99 AD2d 492, 493 [1984]; *see Matter of Drexler v Town of New Castle*, 62 NY2d at 416-417; *Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d 957, 958 [2008]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.

**[Prior Case History: 2007 NY Slip Op 32296(U).]**